## Jones v. State Farm Mutual Automobile Insurance Company

338

*Michael J. Wherry*, for plaintiff.
*George H. Rowley*, for defendant.

STRANAHAN, J., October 4, 1966.—This case is before the court on a petition for a declaratory judgment filed by Jean M. Jones, administratrix of the estate of Clarence C. Jones, against State Farm Mutual Automobile Insurance Company and Jamestown Mutual Insurance Company.

The Jamestown Mutual Insurance Company is the workmen's compensation carrier involved in this matter and has waived any subrogation rights that it may have. Therefore, it has no interest in the case, and State Farm Mutual Automobile Insurance Company is the actual defendant.

The crux of this matter is the interpretation of an insurance policy issued by State Farm.

It appears from the petition and answer that Clarence C. Jones was employed by Stanley Winklevoss, who operated a garage in Jackson Center, Pa. While in the course of his employment, Clarence C. Jones, rendering assistance to a motorist on a highway, was struck and killed by one Cecil J. Kaltenbaugh. Kaltenbaugh had no liability insurance on his automobile at the time of the accident. Clarence C. Jones left to survive him a widow, Jean M. Jones, who has qualified as administratrix of his estate, and two children, Clarence Caleb Jones, 3rd and Elizabeth Ann Jones, both of whom are minors.

As a result of the death of Clarence C. Jones, Jamestown Mutual Insurance Company entered into

a compensation agreement with Mrs. Jean M. Jones, whereby compensation was awarded to the widow and the two minor children under the provisions of The Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of September 30, 1961, 77 PS §562. In addition to the amount awarded to the widow and children, $750 was awarded for burial expenses.

At the time of Clarence C. Jones' death, he held an insurance policy with State Farm Mutual Automobile Insurance Company which contained a provision or clause in it commonly known as "uninsured motorist coverage". This type of insurance is of recent origin and provides in substance that if a person is injured by an uninsured motorist, this applicable provision of the policy will go into effect and afford coverage to the injured person. The extent of the coverage under the uninsured motorist provision is $10,000 in this case. In addition to this, other monies would be due under this policy under sections c & m, which provide medical payments in the event of injury.

Jean M. Jones, administratrix, has petitioned the court for a declaratory judgment asking the court to interpret the uninsured motorist provision of this policy to decide whether or not the workmen's compensation payments, together with other miscellaneous payments as set forth above would preclude any additional recovery under the policy.

It is the position of the State Farm Mutual Automobile Insurance Company that since an amount in excess of $10,000 has been paid by the compensation carrier as a result of the death of Clarence C. Jones, and since the insurance company has the right to reduce its coverage by the amount of compensation paid, that the share of the wife and each child must be reduced by the amount received under workmen's compensation.

It is true that Jamestown Mutual Insurance Company normally would have subrogation rights to the extent of the compensation paid by them; however, this company has waived its rights and, therefore, that problem does not confront the court.

The questions that do confront the court are not easy ones. There is little precedent to be found in the interpretation of this relatively new type of insurance.

The applicable provisions of the policy that require interpretations are:

"The insurer agrees with the insured named herein to pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured caused by accident and arising out of the ownership, maintenance or use of said uninsured automobile.

"CONDITIONS, Insuring Agreement III.

"Insuring Agreement III does not apply . . . (b) so as to inure directly or indirectly to the benefit of any workmen's compensation carrier.

"CONDITIONS, Insuring Agreement III

" (c) Any loss payable under the terms of this coverage to or for any person shall be reduced by:

" (1) The amount paid and the present value of all amounts payable to him under any workmen's compensation law. . . ."

Defendant interprets this clause to mean that since the workmen's compensation carrier would be subrogated to the rights of decedent and those receiving compensation, that any payments made under this policy would inure to the benefit of the workmen's compensation carrier. Admittedly, there is little authority on this general subject and an absence of cases in Pennsylvania, but this court believes that the uninsured motorist coverage provision of this policy is in

the nature of an accident policy for the benefit of the insured, rather than a liability policy covering the uninsured motorist. This interpretation is in line with Kirouac v. Healey, 104 N. H. 157, 181 A. 2d 634. The reasoning set forth in that case is adopted by this court, and we believe it is the better view. The court states:

"The undertaking of the insurer more closely resembles the undertaking contained in other provisions of the standard policy to pay to the insured medical expenses suffered by him as a result of injury by automobile, although the undertaking now in question is limited to payment of damages for bodily injuries occasioned by a limited category of tort feasors, namely uninsured operators against whom the insured is legally entitled to recover. [insurance journal cited]. Thus uninsured motorist insurance more closely resembles accident insurance restricted to a limited class of accident, than it does the type of insurance commonly regarded as indemnity insurance".

Accepting this as the law, we, therefore, rule that the uninsured motorist coverage in this policy is not subject to the subrogation rights that a compensation carrier would normally have if the driver of the automobile causing the injury had the common form of liability insurance. Having reached this conclusion, we must further rule that there are no benefits that will "inure directly or indirectly" to any workmen's compensation carrier and, therefore, the exclusion set forth above does not apply in this case.

The second position advanced by defendant is a more difficult one. Defendant raises a further provision of the policy, which is as follows:

"CONDITIONS, Insuring Agreement III, Subsection (c).

"Any loss payable under the terms of this coverage to or for any person shall be reduced by: 1. The

amount paid and the present value of all amounts payable to him under any workmen's compensation law".

The court interprets this provision to mean that any person to whom a loss is payable may have the amount of the loss payable to him reduced by the amount of workmen's compensation that such person received. What persons would receive such payments? Under the wrongful death act, the wife and two children would receive damages for the loss of decedent. Under workmen's compensation, they would receive an award. Therefore, the amount due each one under the wrongful death action would be reduced by the amount each one received from workmen's compensation.

What about the survival action? Defendant argues that since this money goes into the estate of Clarence C. Jones and eventually passes through his estate to his wife and two children, that again defendant can claim a reduction of the amount they receive by the amount paid them under workmen's compensation.

With this we cannot agree. Under the terms of the policy, the "amount payable to him under any workmen's compensation law" are deductible. Who is "him"? "Him" is any person to whom or for whom any loss is payable. Who would that be? Under the wrongful death action, it would be the wife and children, but under the survival action, it would be decedent's estate. Since decedent's estate received no workmen's compensation, there can be no reduction. It is true that the wife and children may eventually receive this money, but they receive it as inheritance and not as a loss payable "to or for" them.

While it is true that the wrongful death action may be brought by the administrator, his role is that of trustee for the wife and children, and the money payable to him under the wrongful death action is paid to him, but for the widow and children.

This is not so in the survival action. The money is

payable to the administrator, but it is paid for any number of purposes, including the payment of creditors, and so it cannot be said that it is paid to him for the widow and children. It is payable to him as representative of decedent. Even though a portion of the amount paid under the survival action may eventually pass by inheritance to the widow and children, such amount cannot be reduced by workmen's compensation. To hold that no matter how a wife or child gets the money, it must be reduced by the workmen's compensation paid, would create some bizarre results. Suppose a child is a creditor. Would the amount payable to him as a creditor be reduced by the workmen's compensation received by him?

We, therefore, hold:

(1) That money payable under the uninsured motorist provision of the policy does not inure directly or indirectly to the benefit of any workmen's compensation carrier.

(2) Such amounts as are received by the wife and children under the wrongful death action may be reduced by the amount received by the wife or child from workmen's compensation. The amount of reduction shall be credited against the amount due under the policy. Amounts received by the wife and children under the survival action as heirs of decedent are not subject to reduction by workmen's compensation.

## ORDER

And now, October 4, 1966, this court makes the following findings in the petition for declaratory judgment:

1. That money payable under the uninsured motorist provision of the policy does not inure directly or indirectly to the benefit of any workmen's compensation carrier.

2. Such amounts as are received by the wife and children under the wrongful death action may be re-

344

duced by the amount received by the wife and children from workmen's compensation. The amount of reduction shall be credited against the amount due under the policy. Amounts received by the wife and children under the survival action as heirs of decedent are not subject to reduction by workmen's compensation.