## Rhodes, Appellant, *v.* Automotive Ignition Company et al.

282

Argued November 9, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Alexander J. Pentecost*, with him *Ira C. Houck, Jr.*, for appellant, claimant.

*Alexander J. Jaffurs*, with him *Irwin M. Ringold*, for appellant, insurance company.

*Herbert Grigsby*, with him *Thomson, Rhodes & Grigsby*, for appellee, defendant.

OPINION BY HOFFMAN, J., March 23, 1971:

Melvyn Rhodes, husband of appellant Mary Jane Rhodes, was struck and killed by an uninsured motorist. At the time of the accident Mr. Rhodes was employed as a salesman for appellee Automotive Ignition

Company (employer). Mrs. Rhodes applied for benefits under the uninsured motorist provisions of her husband's automobile insurance policy, written by appellant Harleysville Insurance Co. (Harleysville). As a result of her application, Harleysville settled her claim for $8,000. A release, providing for subrogation to all the assured's rights of recovery, was obtained from Mrs. Rhodes.

Subsequently she applied for widow's benefits under the Workmen's Compensation Act. At the hearings before a referee, Harleysville was allowed to intervene and ask for reimbursement of the $8,000 which it had paid under the terms of its policy.[1] The referee made an award to Mrs. Rhodes and granted Harleysville subrogation for the $8,000. Both Mrs. Rhodes and the employer appealed.

The Workmen's Compensation Board found that Mrs. Rhodes' husband was in the course of his employment at the time of the accident. Thus the Board affirmed the referee's award to Mrs. Rhodes. However, the Board allowed the employer an $8,000 credit, which was the amount of the uninsured motorist settlement. Harleysville was thereby denied the subrogation granted by the referee.

Mrs. Rhodes and Harleysville appealed. The County Court of Allegheny County affirmed the decision of the Workmen's Compensation Board. From this judgment, the instant appeal followed.

---

[1] No motion was made to quash the appeal of Harleysville; and we consider, *infra*, whether Harleysville has a right of subrogation in proceedings under the Workmen's Compensation Act. However, we do not believe that Harleysville should have been allowed to intervene at the hearings before the referee. Only if Harleysville could bring itself within the exceptions provided in section 319 of the Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, §319, *as amended*, 77 P.S. §671 (Supp. 1970), would it be entitled to intervene. Section 319 does not apply to the instant situation and thus Harleysville should not have been permitted to intervene.

Mrs. Rhodes contends that the lower court and the Workmen's Compensation Board erred in allowing a credit to the employer in the amount of the uninsured motorist settlement. The employer contends that section 319 of the Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, §319, *as amended*, 77 P.S. §671 (Supp. 1970), is controlling. That section provides in pertinent part: "Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, *against such third party* to the extent of the compensation payable under this article by the employer . . . ." (emphasis added).

In this case the death of Mrs. Rhodes' husband was caused by the driver of the uninsured automobile. Under Section 319, the employer would be subrogated to any recovery against this third party tortfeasor. The question here is whether or not the uninsured motorist provisions of Mr. Rhodes' automobile insurance policy are in the nature of liability insurance inuring to the benefit of the uninsured tortfeasor. If this is the case, Harleysville, the uninsured motorist carrier, would stand in the shoes of the third party tortfeasor for purposes of section 319. If, however, the uninsured motorist provisions are in the nature of accident insurance for the benefit of the insured, not the tortfeasor, any claim that Mrs. Rhodes had against Harleysville would not be a claim against the third party tortfeasor. In that case the employer would not be entitled to subrogation under section 319.

There is little authority in Pennsylvania on this general subject. However, in *Jones v. State Farm Mutual Automobile Insurance Co.*, 41 Pa. D. & C. 2d 337, 340-341 (1966), the Court of Common Pleas of Mercer County decided that ". . . the uninsured motorist cov-

erage provision of this policy is in the nature of an accident policy for the benefit of the insured rather than a liability policy covering the uninsured motorist." We agree with this conclusion and with the reasoning of the Supreme Court of New Hampshire in *Kirovak v. Healey,* 104 N.H. 157, 160, 181 A. 2d 634, 636 (1962). In that case the Court stated that "[t]he undertaking of the insurer more closely resembles the undertaking contained in other provisions of the standard policy to pay to the insured medical expenses suffered by him as a result of injury by automobile, although the undertaking now in question is limited to payment of damages for bodily injuries occasioned by a limited category of tortfeasors, namely uninsured operators against whom the insured is legally entitled to recover. . . . Thus uninsured motorist insurance more closely resembles accident insurance restricted to a limited class of accident than it does the type of insurance regarded as indemnity insurance."

The payment by Harleysville under the terms of the uninsured motorist provisions is therefore "not subject to the subrogation rights that a compensation carrier would normally have if the driver of the automobile causing the injury had the common form of liability insurance." *Jones v. State Farm Mutual Insurance Co.,* supra, at 341. Since the employer would not be entitled to subrogation to the amount paid under an uninsured motorist clause, it is not entitled to a set-off, as awarded by the Workmen's Compensation Board and affirmed by the lower court. The Board thus erred in not allowing Mrs. Rhodes to receive the full amount of the workmen's compensation award.

Having reached this conclusion, we must further rule on the question of whether Harleysville has a right of subrogation to the amounts awarded by the Workmen's Compensation Board. As a general rule, claims

for payment under the Workmen's Compensation Act are not subject to levy, execution or attachment except as provided in the Act itself. Act of December 28, 1959, P. L. 2034, §3, 77 P.S. 621 (Supp. 1970). The only relevant exception to this rule is the subrogation section of the Act, section 319, supra.

Thus, the only way that Harleysville is entitled to subrogation in a Workmen's Compensation Act proceeding is if it has been given the right of subrogation in section 319. The legislature specifically amended this section of the Act to provide for subrogation by an insurance company in the limited instance in which the company has paid disability or medical expenses to an employe on the basis that the injury was not compensable under the Act and where there is a subrogation agreement.[2] It has not been suggested that Harleysville payment to Mrs. Rhodes was in lieu of workmen's compensation benefits or because she was not entitled to recover under the Act. Section 319, as presently written, is not applicable to the instant case; and Harleysville is not entitled to subrogation in proceedings before the Workmen's Compensation Board. Mrs. Rhodes is thus entitled to receive the full amount awarded by the Workmen's Compensation Board.

. We do not reach the question of the validity of Harleysville's claim for subrogation in proceedings other

[2] "Where an employe has received payments for the disability or medical expense resulting from an injury by accident in the course of his employment, paid by the employer, or an insurance company on the basis that the injury and disability were not compensable under this act, in the event of an agreement or award for that injury, the employer or insurance company, who made the payments shall be subrogated out of the agreement or award to the amount so paid, if the right to subrogation is agreed to by the parties or is established at the time of hearing before the referee or the board." Act of February 28, 1956, P. L. (1955) 1120, §1, amending, Act of June 2, 1915, P. L. 736, §319, as amended, 77 P.S. §671 (Supp. 1970) (emphasis added).

than those involved in the instant case. We only hold that, under the specific provisions of the Workmen's Compensation Act, Harleysville is not entitled to subrogation in proceedings before the Workmen's Compensation Board.

The judgment is reversed, and the record is remanded to the court below for further proceedings in conformity with this opinion.