J. Michael STANDISH, Appellant,

v.

AMERICAN MANUFACTURERS
MUTUAL INSURANCE
COMPANY, Appellee.

Superior Court of Pennsylvania.

Argued April 30, 1997.

Filed July 21, 1997.

William J. Campanale, Philadelphia, for appellant.

Robert J. Siegel, Philadelphia, for appellee.

Before BECK, POPOVICH and MONTEMURO*, JJ.

POPOVICH, Judge:

The issue presented in this appeal is whether a workers' compensation carrier's subrogation lien applies against the proceeds of an uninsured motorist provision of an injured worker's personal automobile insurance policy. After examining the Motor Ve-

---

* Retired Justice assigned to Superior Court.

hicle Financial Responsibility Law (MVFRL)[1] and Section 671 of the Pennsylvania Workers' Compensation Act,[2] the lower court determined that the lien applied and that the worker was required to reimburse his employer's compensation carrier from the proceeds of his uninsured motorist insurance. Accordingly, the lower court granted summary judgment in favor of American Manufacturers Mutual Insurance Company (American Manufacturers), the compensation carrier in this case. We reverse.

Our scope of review is plenary when reviewing the propriety of a lower court's entry of summary judgment. *Schriver v. Mazziotti*, 432 Pa.Super. 276, 638 A.2d 224, 225 (1994), *alloc. denied*, 539 Pa. 638, 650 A.2d 52 (1994). We will only reverse the lower court's grant of summary judgment if there is a manifest abuse of discretion. *Accu–Weather, Inc. v. Prospect Communications, Inc.*, 435 Pa.Super. 93, 644 A.2d 1251 (1994). Summary judgment should be granted "only in cases where the right is clear and free of doubt." *Chrysler Credit Corp.*, 643 A.2d at 1100 (citation omitted). In addition, pursuant to Pennsylvania Rule of Civil Procedure 1035.2(1), summary judgment shall be rendered whenever there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law.[3]

The parties agree that there is no genuine issue of material fact and that the pertinent, undisputed facts are as follows: On April 29, 1994, appellant was injured during the course of his employment with Pizza Hut, Inc. when the vehicle he was driving collided with a vehicle being driven by an uninsured motorist. At the time of the accident, appellant was driving his personal vehicle, which was insured by State Farm Fire and Casualty Company (State Farm). The insurance policy included uninsured motorist coverage. The insurance premiums were paid exclusively by appellant.

Shortly after the accident, appellant filed a workers' compensation claim and was paid $2,443.07 by American Manufacturers, the workers' compensation carrier for his employer. Appellant also filed a claim under the uninsured motorist provision of his personal automobile liability insurance policy with State Farm. In January, 1996, State Farm settled appellant's claim for $7,000.00. Upon discovering that appellant received uninsured motorist benefits, American Manufacturers asserted a lien against the proceeds to recover the $2,443.07 it had paid to appellant. On April 23, 1996, appellant filed an action for declaratory judgment. On August 8 and 9, 1996, the parties cross-filed motions for summary judgment. The lower court subsequently determined that there was no genuine issue of material fact and that American Manufacturers was entitled to judgment as a matter of law. This appeal followed.

It is well-settled that this Commonwealth does not recognize a common law right to subrogation in workers' compensation claims. *Reliance Insurance Company v. Richmond Machine Co.*, 309 Pa.Super. 430, 455 A.2d 686 (1983). Accordingly, any basis for American Manufacturers' lien must be found in statute. The parties do not dispute that Section 671 of the Workers' Compensation Act (WCA) is at issue in this case. In pertinent part, Section 671 of the WCA provides that:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate, or his dependents, against such third party to the extent of the compensation payable under this article by the employer. . . .

77 P.S. § 671. The law is clear that pursuant to Section 671 an employer and his insurer have the right to assert a subrogation lien

---

**1.** Motor Vehicle Financial Responsibility Law, 1984, Feb. 12, P.L. 26, No. 11 § 3, effective October 1, 1984.

**2.** Workers' Compensation Act, Act of June 2, 1915, P.L. 736, § 319, *as amended*, 77 P.S. § 671.

**3.** Although neither appellant nor the trial court cite the new rules, the summary judgment motion in this case is governed by Rules of Civil Procedure 1035.1 through 1035.5, which replace former Rule 1035 and became effective July 1, 1996. Pa.R.Civ.P, Rules 1035.1–1035.5, 42 Pa. C.S.A.

for the amount of workers' compensation it paid against compensation recovered by an insured from *a third party.* *Miles v. Van Meter,* 427 Pa.Super. 278, 628 A.2d 1159 (1993). As appellant correctly asserts, in *Rhodes v. Automotive Ignition Company,* 218 Pa.Super. 281, 275 A.2d 846 (1971), we examined Section 671 of the WCA to determine whether a compensation carrier was permitted to assert a subrogation lien against uninsured motorist benefits awarded under a worker's personal automobile insurance policy. We recognized that if the automobile insurance policy was in the nature of liability insurance inuring to the benefit of the uninsured tortfeasor, the uninsured motorist carrier would stand in the shoes of the third party tortfeasor for purposes of Section 671, and, therefore, subrogation by the compensation carrier would be permitted. *Id.* However, if the uninsured motorist provision was in the nature of accident insurance for the benefit of the insured, not the tortfeasor, any claim that the insured had against the uninsured motorist carrier would not be a claim against the third party tortfeasor, and, therefore, subrogation by the compensation carrier would not be permitted. *Id.* After a careful analysis, we specifically held that where the uninsured motorist coverage was the worker's personal automobile insurance policy, which was maintained exclusively by him, any award of benefits pursuant thereto were in the nature of an accident policy for the benefit of the insured rather than a liability policy covering the uninsured motorist. We found that the uninsured motorist benefits were "not subject to the subrogation rights that a compensation carrier would normally have if the driver of the automobile causing the injury had the common form of liability insurance." *Rhodes,* 275 A.2d at 848. Accordingly, applying our holding in *Rhodes* to the case *sub judice,* we find that American Manufacturers had no right of subrogation under Section 671 of the WCA.

■ However, this does not end our inquiry. As American Manufacturers note, our decision in *Rhodes* was enunciated prior to the passage of the MVFRL in 1984 and the 1993 repeal of certain provisions thereof.[4]

American Manufacturers argue that the legislature's recent partial repeal of Section 1720 indicates its intent to broaden employers' and compensation carriers' subrogation rights under Section 671 of the WCA. We disagree.

Prior to the 1993 partial repeal of Section 1720, this Court found that Section 1720 superseded Section 671 of the WCA, and that the explicit, unambiguous language of Section 1720 took away the employer's and his compensation carrier's right to be vehicle accidents. *Allstate Ins. Co. v. McFadden,* 407 Pa.Super. 537, 595 A.2d 1277 (1991) (language of Section 1720 is clear and unambiguous). *See Schroeder v. Schrader,* 453 Pa.Super. 59, 682 A.2d 1305 (1996). However, effective August 31, 1993, revisions to the Workers' Compensation Act repealed Section 1720 of the MVFRL to the extent that it relates to workers' compensation payments or other benefits under the WCA. The 1993 amendments specifically and expressly repealed Section 1720's prohibition against subrogation for tort recoveries. After the 1993 amendments, an employer and his compensation carrier are permitted to seek subrogation against a worker's tort recovery where the compensation carrier has paid benefits to the worker. *See Gardner v. Erie Ins. Co.,* 456 Pa.Super. 563, 691 A.2d 459 (1997) (compensation carrier had right of subrogation for workers' compensation benefits paid where worker received uninsured motorist benefits from another motorist's policy); *Warner v. Continental Ins. Co.,* 455 Pa.Super. 295, 688 A.2d 177 (1996) (compensation carrier had right of subrogation for workers' compensation benefits paid where insured worker received uninsured motorist benefits from employer's policy). The 1993 amendments did not, however, explicitly broaden the scope of subrogation rights under Section 671 of the WCA. American Manufacturers acknowledge this fact but argue that the amendments reflect an intent by the legislature to permit subrogation from *any* benefits received by a worker following an automobile accident, regardless of the benefits' source. We disagree.

4. Section 25(b) of the Act of July 2, 1993, P.L. 190, No. 44.

"In light of the prior case law which the legislature was well aware of when it enacted the amendments, we are unable to conclude that the legislature intended that the provisions of Section [671] of the Workers' Compensation Act would [broaden to permit subrogation from non-tort recovery.]" *Warner,* 688 A.2d at 183. It is clear that the provisions of Section 671 were left unchanged by the amendments to the WCA.

Given the legislative treatment of the entire concept of workers' compensation, we cannot find any reasonable basis for concluding that the legislature intended to [broaden] Section [671] of the Act by inference. Had the legislature intended this [result], we believe it would have expressed that intent clearly (by including it in its recent amendments) rather than *sub silentio.*

*Ducjai v. Dennis,* 540 Pa. 103, 656 A.2d 102, 106 (1995) (citation omitted). Accordingly, we do not find that the partial repeal of Section 1720 indicates a legislative intent to broaden Section 671's scope, thereby permitting subrogation from a worker's non-tort recovery. Therefore, we find that the "changes brought about in Section 1720 ... have zero effect on the injured party in this case." *Browne v. Nationwide Mut. Ins. Co.,* 449 Pa.Super. 661, 674 A.2d 1127, 1129 (1996). Since the uninsured motorist benefits in within the purview of Section 1720. We note that, contrary to American Manufacturers' assertion, our decision today does not violate the legislature's prohibition against double recovery of both workers' compensation benefits and damages in tort. *See Gardner, supra.* In this case, appellant did not receive damages in tort. Rather, he received an award of benefits which were in the nature of an accident policy for the benefit of the insured. *Rhodes, supra.*

For all of the foregoing reasons, we find that the lower court erred in entering summary judgment in favor of American Manufacturers and that summary judgment should have been entered in favor of appellant. Accordingly, we remand this case and direct the lower court to enter summary judgment in favor of appellant.

Reversed; remanded; jurisdiction relinquished.