**AMERICAN RED CROSS, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (ROMANO), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1999.
Decided Jan. 21, 2000.

Jeffrey D. Newby, Voorhees, NJ, for petitioner.

James V. Monaghan, Norristown, for respondent.

Before DOYLE, President Judge, and FLAHERTY, J., and McCLOSKEY, Senior Judge.

DOYLE, President Judge.

The American Red Cross (Employer) appeals from an order of the Workers' Compensation Appeal Board (Board) which affirmed a decision of a Workers' Compensation Judge (WCJ) which denied its modification and review petition. Specifically, Employer's petition sought to subrogate against proceeds from an uninsured/underinsured insurance policy paid for exclusively by Frank Romano (Claimant).

The facts of the case are not in dispute. On October 20, 1995, Claimant was injured in a motor vehicle accident while in the course and scope of his employment. The driver of the vehicle which struck Claimant was uninsured. Following the accident, Claimant began receiving weekly benefits of $509 based on an average weekly wage of $859.21.[1]

In addition to the compensation payments made by Employer, Claimant also received $50,000 from his own insurance company pursuant to the terms of an uninsured motorist provision in his policy for which only Claimant paid the premiums.[2]

On July 18, 1996, Employer filed a petition to review and modify, asserting a right to subrogation against the $50,000 payment which Claimant received on his insurance policy. Claimant filed a timely answer denying that Employer was entitled to subrogation, and hearings were held before a WCJ.

On July 1, 1997, the WCJ issued a decision and order denying Employer's petition. Specifically, the WCJ concluded that an employer has a right to subrogation against any award received by a claimant from a *third party* tortfeasor, but, because it was stipulated that the monies received by Claimant were not from a third party tortfeasor, but were from policies which were purchased by the Claimant and were paid for by him and for his benefit, Employer had no right to such monies. In making this decision, the WCJ rejected Employer's argument that it was entitled to subrogate against any recovery by Claimant, no matter what the source. The WCJ concluded that there was simply no support in the Workers' Compensation Act (Act)[3] for such a proposition.

Employer appealed to the Board, which affirmed the WCJ's decision. In doing so, the Board relied on two cases decided by the Superior Court, *Standish v. American Manufacturers Mutual Insurance Co.*, 698 A.2d 599 (Pa.Super.1997), and *Rhodes v. Automotive Ignition Co.*, 218 Pa.Super. 281, 275 A.2d 846 (1971), which hold that an employer may not subrogate against a payment from a policy which benefits an insured, as distinguished from one which benefits a third-party tortfeasor. This appeal by Employer followed.

On appeal,[4] Employer presents two arguments for our consideration. First,

---

1. $509 was the maximum compensation rate allowable in 1995.

2. Claimant also received $15,000 from National General Insurance Companies for payment on an underinsured motorist policy for which he also paid premiums.

3. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2626.

4. Our standard of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed. *Morey v.*

Employer argues that the Board erred generally by concluding that it did not have a right to subrogate against Claimant's recovery. Second, and somewhat entangled with its first argument, Employer argues that because *Rhodes* and *Standish* are decisions of the Superior Court, they are merely persuasive, rather than binding authority on both the Board and this Court, and, therefore, we are free to decline to follow the holdings in those cases.

■ The starting point of our analysis is Section 319 of the Act, 77 P.S. § 671, which provides as follows:

Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, **against such third party** to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation.

Where an employe has received payments for the disability or medical expense resulting from an injury in the course of his employment paid by the employer or an insurance company on the basis that the injury and disability were not compensable under this act in the event of an agreement or award for that injury the employer or insurance company who made the payments shall be subrogated out of the agreement or award to the amount so paid, if the right to subrogation is agreed to by the parties or is established at the time of hearing before the referee or the board.

77 P.S. § 671.

In *Standish*, the Superior Court examined an identical issue as is presented herein. The claimant was injured in the course and scope of his employment on April 29, 1994, when the car he was driving was struck by an uninsured driver of another car. At the time of the accident, the claimant was driving his personal vehicle which was insured exclusively by Claimant's personal insurance for which he paid the premiums. In addition, the policy contained an uninsured motorist provision.

Following the accident, the claimant began receiving workers' compensation benefits and also received a $7,000 settlement from his insurance company based on a claim he filed under his personal insurance policy. Upon learning of the insurance settlement, the employer's insurance company asserted a lien against the $7,000 settlement in the amount that it had paid claimant as workers' compensation benefits. The Common Pleas Court granted summary judgment in favor of the insurance company, concluding that it did have a right of subrogation.

On appeal, the Superior Court reversed the decision of the Court of Common Pleas. In doing so, the Court first noted that, traditionally, a right of subrogation in workers' compensation cases exists only against a third party. *Standish*, 698 A.2d at 600–601 (citing *Miles v. Van Meter*, 427 Pa.Super. 278, 628 A.2d 1159 (1993)). Re-

*Workmen's Compensation Appeal Board (Beth-energy Mines, Inc.)*, 684 A.2d 673 (Pa.Cmwlth. 1996).

lying on *Rhodes*, the Court noted the distinction between liability insurance, which flows to the benefit of a third party tortfeasor, and accident insurance, which is maintained solely by the claimant and flows to his benefit. The Court concluded that, when the insurance at issue is for the benefit of the third party tortfeasor, *i.e.*, liability insurance which shields the tortfeasor's personal or real property from execution to the limits of the policy, an employer and its insurance carrier do have a right to subrogate to recover workers' compensation benefits paid to the claimant. If, however, the policy at issue flows to the benefit of the claimant, *i.e.*, accident insurance which provides recovery for a claimant when the tortfeasor cannot pay all or some of his total liability, then the employer does not have such a right because subrogation would not be against a third party tortfeasor.

■ Employer acknowledges *Standish*, but, understandably, argues that *Standish* is not binding precedent for this Court and that we may reach a decision contrary to that of the Superior Court. Although Employer is correct regarding the binding precedential value of *Standish* on this Court, our review of that case convinces us that the Superior Court reached the correct result. Like the Superior Court, we also must conclude that proceeds obtained by a claimant through his *own* insurance policy, be it uninsured or underinsured provisions of that policy, the premiums for which are paid exclusively by the claimant, are fundamentally different than proceeds obtained from a third party and, therefore, are not subject to subrogation.

In response, Employer points to two decisions from the Superior Court, *Gardner v. Erie Insurance Co.*, 456 Pa.Super. 563, 691 A.2d 459 (1997), *affirmed*, 555 Pa. 59, 722 A.2d 1041 (1999), and *Warner v. Continental/CNA Insurance Cos.*, 455 Pa.Super. 295, 688 A.2d 177 (1996), *appeal denied*, 548 Pa. 660, 698 A.2d 68 (1997), as support for its argument that it has a right to subrogate against any benefits paid to a claimant following an automobile accident, regardless of the source of those benefits. Our reading of these cases, however, reveals that they principally discuss an employee's entitlement to insurance benefits from a co-employee's insurance carrier. Likewise, both cases deal only tangentially with the issue of subrogation. Moreover, the other critical distinction between the facts in those cases and the facts in the present appeal is that *Warner* and *Gardner* both deal with insurance benefits paid by a **third party** or the third party's insurance carrier, not by the claimant's insurance carrier under the provisions of the claimant's own policy. The explicit language of Section 319 limits subrogation to actions against third parties, not the claimant. Accordingly, we agree with the reasoning and holding of the Superior Court in *Standish* and, applying that rationale to this case, the Board correctly decided the issue.

■ Moreover, as in *Standish*, Employer in this case argues that, if subrogation is not permitted, Claimant will receive a double recovery, *i.e.*, insurance proceeds and workers' compensation benefits, the prohibition of which is encompassed within the General Assembly's allocation of a right of subrogation to an employer. In the present case, however, Claimant is not receiving benefits from both workers' compensation and from a tort recovery; rather, he is receiving workers' compensation benefits, in addition to monies obtained from his personal insurance, for which he alone paid the premiums. Any claimant, like anyone else, is free to insure himself or herself against any contingency for which he or she may obtain insurance, and we read nothing in the Act that evidences an intent on the part of the General Assembly to allow an employer to take advantage of such a claimant's foresight. By amending the Act in 1993, the General Assembly explicitly afforded employers limited subrogation rights, *i.e.*, only against sums received from suits against **third party tortfeasors**. If the General

Assembly desired to make the right to subrogation absolute, regardless of the source of the recovery, it certainly could have done so, but the explicit language of Section 319 is limited. Absent ambiguity in this section of the Act, it is not the role of this Court to interpret the Act further than applying the plain meaning of the section. *See Battaglia v. Lakeland School District*, 677 A.2d 1294 (Pa.Cmwlth.1996).

Order affirmed.

### *ORDER*

**NOW**, January 21, 2000, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.