## ENTERTAINMENT PARTNERS and CNA Risk Management Group, Petitioners,

v.

## WORKERS' COMPENSATION APPEAL BOARD (CAPARELLI), Respondent.

Commonwealth Court of Pennsylvania.

Argued Feb. 8, 2000.

Decided April 4, 2000.

Edward A. McFarland, Pittsburgh, for petitioners.

Amiel B. Caramanna, Pittsburgh, for respondent. .

Before DOYLE, President Judge, FRIEDMAN, J., and RODGERS, Senior Judge.

DOYLE, President Judge.

Entertainment Partners (Employer) petitions this Court for review of an order of the Workers' Compensation Appeal Board (Board), which affirmed the decision of a Workers' Compensation Judge (WCJ) denying Employer's Petition to Review Compensation Benefits. Specifically, Employer's petition sought to subrogate against proceeds from an uninsured/underinsured automobile insurance policy paid for exclusively by Elaine Caparelli (Claimant).

The issues in the present appeal[1] are nearly identical to this Court's recent decision in *American Red Cross v. Workers' Compensation Appeal Board (Romano)*, 745 A.2d 78 (Pa.Cmwlth.2000). Employer requests this Court to revisit and overrule that decision. We decline to do so, and therefore affirm the decision of the Board.

In *American Red Cross*, the claimant was injured in a work-related motor vehicle accident where the driver of the vehicle which struck the claimant was uninsured. In addition to the workers' compensation payments made by the employer, the claimant received $50,000 from his own insurance company pursuant to the terms of an uninsured motorist provision in his own policy for which only he paid the premiums.

The employer in that case filed a petition to review and modify, asserting a right to subrogation against the $50,000 payment which the claimant received from his own insurance company. The WCJ denied the employer's petition and the Board affirmed, relying on the Superior Court's decision in *Standish v. American Manufacturers Mutual Insurance Co.*, 698 A.2d 599 (Pa.Super.1997).

On appeal to this Court, we affirmed the Board's decision and adopted the reasoning of the Superior Court in *Standish*. We held that:

Like the Superior Court, we also must conclude that proceeds obtained by a claimant through his own insurance policy, be it uninsured or underinsured provisions of that policy, the premiums for which are paid exclusively by the claimant, are fundamentally different than proceeds obtained from a third party and, therefore, are not subject to subrogation.

*American Red Cross*, 745 A.2d at 81.

In the present case, as in *American Red Cross*, Claimant was injured by an automobile driven by a third party while in the course and scope of her employment. Claimant received $100,000 pursuant to the uninsured/underinsured provision of her automobile policy paid for exclusively by her. Employer now contends that it can subrogate against the $100,000 which

---

**1.** Our standard of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, or wheth-er an error of law was committed. *Morey v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 684 A.2d 673 (Pa.Cmwlth. 1996).

was paid to Claimant by her insurance company.

The only factual difference between the present case and *American Red Cross* is that Claimant in this case received payment under the underinsured motorist provision of her policy, rather than the uninsured motorist provision as was the case in *American Red Cross*. This, of course, for the purpose of this appeal is a distinction without a difference. All of the other issues presented in this appeal are identical to, and have been addressed by, *American Red Cross*. Therefore, we decline Employer's invitation to overrule *American Red Cross,* and based on the rationale expressed therein, we affirm the order of the Board.

## *O R D E R*

**NOW**, April 4, 2000, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.