**CITY OF MEADVILLE, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (KIGHTLINGER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 16, 2001.

Decided Oct. 17, 2002.

Reargument Denied Dec. 10, 2002.

Richard E. Bordonaro, Erie, for petitioner.

William T. Jorden, Meadville, for respondent.

Dale G. Larrimore, Philadelphia, for amicus curiae, PA Trial Lawyers Association.

BEFORE: COLINS, President Judge, LEADBETTER, Judge, and MIRARCHI, Jr., Senior Judge.

OPINION BY Judge LEADBETTER.

This appeal presents the issue of whether The PMA Group, employer's workers' compensation carrier, is entitled to subrogate against uninsured/underinsured motor vehicle funds paid to the injured employee pursuant to a motor vehicle insurance policy maintained by the employer through Penn National Insurance Company. The Workers' Compensation Appeal Board (Board) concluded that PMA was not entitled to subrogation and reversed the order of the Workers' Compensation Judge (WCJ). We reverse.

The underlying facts are undisputed. Edward Kightlinger, a City of Meadville police officer, sustained a work-related motor vehicle injury in 1993. The City paid Kightlinger Heart and Lung Act[1] benefits and PMA paid workers' compensation benefits pursuant to a notice of compensation payable. Although a third party tortfeasor was involved in the accident, he was uninsured or underinsured. Therefore, claimant received a $100,000.00 settlement from employer's motor vehicle insurance carrier.[2] PMA then sought to subrogate against the motor vehicle insurance benefits paid in satisfaction of the liability of the third party tortfeasor (hereinafter referred to as the settlement).[3] Claimant opposed the subrogation and the matter proceeded to a WCJ.

Relying on *Gardner v. Erie Insurance Co.*, 555 Pa. 59, 722 A.2d 1041 (1999) and *Warner v. Continental/CNA Insurance Cos.*, 455 Pa.Super. 295, 688 A.2d 177

(1996), the WCJ concluded that PMA was entitled to assert its lien against claimant's settlement. On appeal, the Board reversed, concluding that since the settlement was not the result of a suit against a third party tortfeasor, PMA was not entitled to assert a subrogation lien pursuant to Section 319 of the Workers' Compensation Act (Act), Act of June 12, 1915, P.L. 736, *as amended,* 77 P.S. § 671. The present appeal followed.

Section 319 of the Act provides:

Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article. . . .

77 P.S. § 671. In *Brubacher Excavating Inc. v. Workers' Compensation Appeal Board (Bridges),* 774 A.2d 1274 (Pa. Cmwlth.2001), *alloc. granted,* 568 Pa. 687, 796 A.2d 319 (2002), this court noted that subrogation serves the following purposes:

[T]he rationale for the right of subrogation is threefold: to prevent double recovery for the same injury by the claimant, to insure that the employer is not compelled to make compensation payments made necessary by the negligence of a third party, and to prevent a third party from escaping liability for his negligence. . . . "[Subrogation] is just, because the party who caused the injury bears the full burden; the employee is made 'whole,' but does not recover more than what he requires to be made whole;

---

1. Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §§ 637–638.

2. It is not clear from the record whether claimant was paid uninsured or underinsured motor vehicle benefits.

3. When claimant's benefits were suspended in January 1996, PMA's lien totaled $27,337.75.

and the employer, innocent of negligence, in the end pays nothing." Thus where a third party's negligent conduct causes injury to an employee actually engaged in the business of his employer, there is a clear, justifiable right to subrogation under Section 319 of the Act. *Id.* at 1276, *quoting Dale Manufacturing Co. v. Bressi*, 491 Pa. 493, 496, 421 A.2d 653, 654 (1980) (citations omitted).

We begin by noting that there is no dispute that the exclusivity provision of the Act[4] does not preclude an employee from recovering uninsured or underinsured benefits under a policy of motor vehicle insurance maintained and wholly funded by the employer. *Gardner*, 555 Pa. at 64–69, 722 A.2d at 1043–46; *Warner*, 688 A.2d at 181–82. *See also Travelers Indem. Co. v. DiBartolo*, 131 F.3d 343 (3d Cir.1997). Moreover, although these cases did not involve subrogation, they plainly interpret an integrated statutory scheme which contemplates both the recoverability of un/underinsured motorist coverage and subrogability of the fund created thereby.

In *Warner*, the employee was injured in a work-related car accident while operating an employer owned vehicle. The employee received workers' compensation benefits and recovered damages in a tort settlement with the driver of the other vehicle involved in the accident. Thereafter, the employee made a claim for underinsured benefits against employer's automobile insurer, Continental Insurance Company. Continental denied the claim on the basis that Section 303 of the Act precluded the recovery of underinsured benefits. In the context of a declaratory judgment action, common pleas agreed, holding that the employee's claim for underinsured motorist benefits was barred by Section 303.

On appeal to the Superior Court, Continental argued that the 1993 amendments[5] to the Motor Vehicle Financial Responsibility Law (MVFRL) and the Act reflected the legislature's intent to preclude an employee from recovering uninsured and underinsured motorist benefits when injured in the scope of employment.[6] After exam-

---

4. Section 303 of the Act, 77 P.S. § 481(a), provides that "[t]he liability of an employer under this Act shall be exclusive and in place of any and all other liability to such employes ... in any action at law or otherwise on account of any injury or death as defined...."

5. Act of July 2, 1993, P.L. 190, No. 44 (often referred to as Act 44).

6. Prior to the Act 44 amendments, Section 1720 of the MVFRL, 75 Pa.C.S. § 1720, provided in pertinent part that, "In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits...." In tandem with Section 1720, Section 1722 of the MVFRL provided:

> In any action for damages against a tortfeasor, or any uninsured or underinsured motorist proceeding, arising out of the maintenance or use of a motor vehicle, a

person who is eligible to receive benefits under the coverages set forth in this subchapter, or workers' compensation, ... shall be precluded from recovering the amount of benefits paid or payable under this subchapter, or workers' compensation....

75 Pa.C.S. § 1722. Thus, under the former statutory scheme, a claimant could not recover in a tort action against a third party amounts paid under workers' compensation and, the employer had no right of subrogation against a tort recovery. As we observed in *Updike v. Workers' Compensation Appeal Board (Yeager Supply Inc.)*, 740 A.2d 1193, 1195 (Pa.Cmwlth.1999), "The effect, and obvious legislative intent, was to mandate that the ultimate burden for payment of compensation benefits remain with Workers' Compensation insurance and not be passed on to the automobile insurance [carrier] (and the premiums by which auto insurance is funded) [footnote omitted]." With Act 44, however, the legislature concurrently repealed Sections 1720 and

ining caselaw decided prior to the Act 44 amendments, the Superior Court opined:

> [W]e are unable to conclude that the legislature intended that the provisions of Section 303 of the [Act] would preclude recovery of underinsured motorist benefits by an injured employee under a policy issued to his or her employer, where those amendments to the MVFRL have made the purchase of underinsured and uninsured motorist benefits optional and have granted the workmen's compensation carrier the right of subrogation.
>
> . . . .
>
> *Nor is the purpose of the [Act] furthered by precluding recovery of uninsured or underinsured motorist benefits by an employee where, pursuant to the 1993 amendments to the MVFRL, the workmen's compensation carrier has the right to seek subrogation for all sums paid to or on behalf of the injured claimant. Allowing the injured employee to recover underinsured or uninsured motorist benefits from his or her employer's motor vehicle insured will create a fund against which the employer's workmen's compensation carrier can exert its subrogation lien.* Where our legislature, aware of the prior appellate court precedent which specifically permitted the recovery of uninsured and underinsured motorist benefits from an employer's motor vehicle insurer, did not expressly provide in the recent amendments to the Acts that recovery of optional uninsured/underinsured motorist benefits under a policy of insurance issued to the claimant's employer was prohibited, we cannot conclude that the express terms of section 303 of the [Act] bar recovery of uninsured/underinsured benefits otherwise available to an injured employee.

*Warner,* 688 A.2d at 183, 185 (emphasis supplied).

Shortly thereafter, in *Gardner,* our Supreme Court was faced with the issue of whether an employee's receipt of workers' compensation benefits as a result of a work-related car accident while driving a co-employee's car and arising out of the negligence of a third party, precluded the injured employee from recovering uninsured motorist benefits under the co-employee's insurance policy.[7] The automobile insurance carrier argued before the Su-

---

1722 as they relate to workers' compensation. Consequently, after Act 44, in an action involving an automobile, an employee's third-party recovery is not reduced by the amount of workers' compensation benefits received and the workers' compensation carrier has the right to subrogate against any benefits received in connection with the third-party action. *Warner,* 688 A.2d at 183.

Act 44 also repealed Sections 1735 and 1737 of the MVFRL. Former Section 1735 provided "The coverages required by this subchapter [subchapter C; uninsured and underinsured motorist coverage] shall not be made subject to an exclusion or reduction in amount because of any workers' compensation benefits payable as a result of the same injury." Former Section 1737 provided:

> Notwithstanding anything contained in the act of June 2, 1915, (P.L. 736, No. 338), known as the The Pennsylvania Workmen's Compensation Act, no employee who is otherwise eligible shall be precluded from recovery of uninsured or underinsured motorist benefits from an employer's motor vehicle policy under this chapter or the [Uninsured Motorist Act].

7. Specifically at issue was whether Section 205 of the Act, *as amended,* 77 P.S. § 72, entitled "Liability of fellow employe," precluded the receipt of uninsured motorist benefits under the co-employee's policy. Section 205 provides that:

> [i]f disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrongdoing.

preme Court that the repeal of Sections 1735 and 1737 of the MVFRL by Act 44 demonstrated a legislative intent to make workers' compensation benefits the exclusive remedy to an injured employee as against his employer, co-employees and all of their insurers. The court rejected this argument, quoting with approval the following language in *DiBartolo*, 131 F.3d at 348–49, which itself relied heavily on *Warner*:

> Understood in this broader context, the repeal of Section 1735—like the repeal of Section 1737—did not affect the ability of employees to recover both workers' compensation and uninsured motorist benefits. Indeed, the repeal of Section 1735 permitted the injured employee to recover more from these sources, although the workers' compensation carrier may ultimately be the beneficiary— by the use of its subrogation lien—of any double recovery.

*Gardner*, 555 Pa. at 69, 722 A.2d at 1046.

We conclude that under the principles underlying the above decisions, PMA is entitled to subrogate against claimant's $100,000.00 settlement. Moreover, the nature of uninsured and underinsured benefits as well as the settlement itself are premised on the fault of a third party; if the third party had been insured or had sufficient insurance coverage, then it would have been unnecessary for claimant to seek benefits under employer's policy. Indeed, if the third party had been adequately insured and claimant had reached a settlement with him/her, there is no question that PMA could assert its subrogation lien against those funds. Here, employer's auto insurer is essentially paying damages resulting from the fault of a third party. It would be illogical to allow a claimant who is injured by the actions of

an uninsured/underinsured third party and recovers uninsured/underinsured benefits under employer's automobile insurance policy to be in a better position than the claimant who recovers directly from the third party tortfeasor.

In reaching this conclusion, we reject claimant's argument that *American Red Cross v. Workers' Compensation Appeal Board (Romano)*, 745 A.2d 78 (Pa.Cmwlth. 2000) commands a different result. In *American Red Cross*, the claimant was involved in a work-related car accident with an uninsured driver. The claimant received workers' compensation benefits and uninsured motorist benefits under his own personal insurance policy. This court held that employer could not subrogate against the sums claimant received under a policy of insurance paid for by the claimant noting the "critical distinction . . . that *Warner* and *Gardner* both deal with insurance benefits paid by a third party [employer and a co-employee, respectively] or the third party's insurance carrier, not by the claimant's insurance carrier under the provisions of the claimant's own policy." *Id.* at 81.[8]

Based upon the foregoing, we reverse the order of the Board.

### ORDER

AND NOW, this 17th day of October, 2002, the order of the Workers' Compensation Appeal Board in the above captioned matter is hereby REVERSED.

---

8. This exception to employer's right of subrogation was also recognized by the Supreme Court in *Gardner*. 555 Pa. at 68 n. 10, 722 A.2d at 1045 n. 10 [citing *Standish v. American Mfr. Mut. Ins. Co.*, 698 A.2d 599 (Pa.Super.1997)].