IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Karen Davis,                              :
                                          : No.  216 C.D. 2015
                    Petitioner            : Argued:  November 16, 2015
                                          :
         v.                               :
                                          :
Workers' Compensation Appeal              :
Board (PA Social Services Union           :
and Netherlands Insurance Company),       :
                                          :
                    Respondents           :


BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
           HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION
BY SENIOR JUDGE FRIEDMAN                    FILED:  December 30, 2015


         Karen Davis (Claimant) petitions for review of the January 28, 2015, order of the Workers' Compensation Appeal Board (WCAB) affirming the decision of a workers' compensation judge (WCJ) to grant the petition to review compensation benefits offset (offset petition) filed by PA Social Services Union (Employer) and its insurance carrier, Netherlands Insurance Company (Netherlands).  We affirm.

         Before the WCJ, the parties stipulated to the following facts.  On November 9, 2010, Claimant was involved in a motor vehicle accident while in the course of her employment with Employer.  Claimant was a passenger in a vehicle owned and operated by a co-employee, Vandallia E. Jarvie.  The operator of the

vehicle that hit Jarvie's vehicle is unknown. Claimant sustained injuries to her cervical and lumbar spine. Pursuant to the Workers' Compensation Act (Act),[1] Netherlands paid Claimant $56,213.00 in wage-loss benefits and $33,572.22 in medical benefits.

Subsequently, Claimant filed an uninsured motorist claim with Allstate Insurance Company (Allstate), Jarvie's motor vehicle insurance carrier. In the third-party uninsured motorist claim, Employer and Netherlands asserted a lien in the amount of $89,785.22, the total amount paid to Claimant for medical and wage-loss benefits. Claimant settled her uninsured motorist claim with Allstate for $25,000.00. Claimant incurred $8,333.33 in attorney's fees and $196.59 in costs.

On April 22, 2013, Employer and Netherlands filed the offset petition alleging that they were entitled to assert a subrogation lien on the settlement proceeds from Claimant's uninsured motorist settlement. Based on the stipulated facts, the WCJ concluded that Netherlands was entitled to subrogate against Claimant's settlement proceeds from Allstate. The WCJ noted that Jarvie purchased the motor vehicle insurance that provided the uninsured motorist benefits in dispute. Because the insurance had been purchased by someone other than Claimant, Netherlands was entitled to subrogation in accordance with section 319 of the Act, 77 P.S. §671. On appeal, the WCAB affirmed. Claimant filed a petition for review with this court.[2]

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2708.

[2] This court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Law, 2 Pa. C.S. §704.

2

In her petition for review, Claimant states that the sole issue is whether Netherlands is entitled to subrogation against Claimant's recovery of uninsured motorist benefits from a non-negligent co-employee's personal automobile policy for which Employer did not pay.

Claimant correctly states that the right of subrogation derives from statutory law. Section 319 of the Act provides:

> *Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated* to the right of the employe, his personal representative, his estate or his dependents, *against such third party* to the extent of the compensation payable under this article by the employer . . . .

77 P.S. §671 (emphases added).

Claimant notes that the courts have addressed uninsured motorist benefits and subrogation in numerous cases, beginning with *Gardner v. Erie Insurance Company*, 691 A.2d 459 (Pa. Super. 1997), *aff'd*, 722 A.2d 1041 (Pa. 1999). In *Gardner*, the Superior Court held that an injured employee, who received workers' compensation benefits for an injury incurred while operating a co-employee's vehicle during the course of employment, could seek uninsured benefits from the co-employee's personal automobile policy. *Id.* at 466. The court, however, did not address the employer's right to subrogation of those funds.

In *Standish v. American Manufacturers Mutual Insurance Company*, 698 A.2d 599, 601-02 (Pa. Super. 1997), the Superior Court held that an employer's workers' compensation insurance carrier could not subrogate against the uninsured

motorist benefits received by the claimant from the claimant's personal automobile policy. The court noted that its decision did not "violate the legislature's prohibition against double recovery of both workers' compensation benefits and damages in tort" because the claimant "did not receive damages in tort. Rather, he received an award of benefits which were in the nature of an accident policy for the benefit of the insured." *Id*. at 602.

In *American Red Cross v. Workers' Compensation Appeal Board (Romano)*, 745 A.2d 78, 81 (Pa. Cmwlth. 2000), *aff'd*, 766 A.2d 328 (Pa. 2001), this court, following *Standish*, concluded that the employer could not subrogate against proceeds received by the claimant from an uninsured/underinsured motor vehicle policy paid for by the claimant. We stated that section 319 of the Act "limit[s] subrogation rights, i.e., only against sums received from suits against **third party tortfeasors**." *Id.*

Thereafter, in *City of Meadville v. Workers' Compensation Appeal Board (Kightlinger)*, 810 A.2d 703, 704 (Pa. Cmwlth. 2002), a police officer sustained a work-related injury in a motor vehicle accident with an uninsured/underinsured motorist. The employer paid heart and lung benefits and PMA, the employer's workers' compensation carrier, paid workers' compensation benefits. *Id.* The employer maintained a motor vehicle insurance policy with Penn National, which paid the police officer a $100,000 settlement. *Id.*

PMA sought to subrogate against the motor vehicle insurance benefits. *Id.* This court noted that the motor vehicle insurance was paid for by the employer

4

and the employer was paying damages resulting from the fault of a third party. *Id.* at 707. If the third party had been insured, and claimant had reached a settlement with the third party, there is no question that PMA could assert its subrogation lien against those funds. *Id.* This court observed that the employer's motor vehicle insurer was essentially paying damages resulting from the fault of a third party. *Id.* We concluded that it would be illogical to allow a claimant who is injured by an uninsured third party and recovers uninsured benefits under the employer's motor vehicle policy to be in a better position than the claimant who recovers directly from the third-party tortfeasor. *Id.* The court distinguished *American Red Cross*, because proceeds obtained by a claimant through his own insurance policy, paid for by him, are not subject to subrogation. *City of Meadville*, 810 A.2d at 707.

In *Hannigan v. Workers' Compensation Appeal Board (O'Brien Ultra Service Station)*, 860 A.2d 632, 633 (Pa. Cmwlth. 2004) (*en banc*), the claimant was injured in a car accident with an uninsured motorist while driving a customer's car. The claimant received workers' compensation benefits, and also received a settlement from the customer's motor vehicle insurance policy. *Id.* The employer sought subrogation against the claimant's third-party recovery of uninsured motorist benefits. *Id.* Following *City of Meadville*, this court concluded that the employer was entitled to subrogate against the uninsured motorist benefits the claimant received under the customer's motor vehicle insurance policy. *Hannigan*, 860 A.2d at 640.

The *Hannigan* court distinguished *American Red Cross*, stating that the claimant in *American Red Cross* received benefits through his own policy, the

5

premiums for which were exclusively paid by the claimant. *Hannigan*, 860 A.2d at 640 n.11.

> In other words, where a claimant has purchased his own insurance which pays for his injuries because of the premiums he has paid, he is entitled to the double recovery ordinarily barred by [s]ection 319 [of the Act]. *The same cannot be said, however, of a claimant who recovers under a policy of insurance purchased by some third-party, such as a co-worker or, as here, a customer.*

*Id.* (emphasis added).

Arguing that subrogation is improper in this case, Claimant relies on the dissenting opinions by Judge McGinley and this author in *Hannigan*. In his dissenting opinion, Judge McGinley noted that the claimant received uninsured motorist benefits by virtue of his status as a third-party beneficiary under the customer's motor vehicle policy. *Id.* at 641 (McGinley, J., dissenting). "Uninsured motorist benefits are intended to benefit not only the insured, but also his resident relatives, passengers, lawful occupants and authorized drivers who are injured during the operation of the policy owner's vehicle." *Id.* Thus, "there is no difference between a policy holder and his beneficiaries." *Id.*

Furthermore, this author noted that section 319 of the Act "clearly limits an employer's right of subrogation to those instances where the claimant recovers from a third-party tortfeasor." *Id.* at 642-43 (Friedman, J., dissenting). Thus, "[b]ecause [the] [c]laimant received uninsured benefits pursuant to an accident insurance policy held by an insured who was not responsible for [the] [c]laimant's injuries, [the] [e]mployer simply is not entitled to subrogation under section 319 [of the Act]." *Id.* at 643.

6

Here, Claimant observes that workers' compensation pays an insured employee medical and wage benefits. In a personal injury case, the injured party must also prove negligence, and, the injured party may receive payment for pain and suffering in addition to medical expenses.[3] Claimant maintains that the employer should have the right to subrogation only where it has paid for the uninsured/underinsured motorist coverage.

However, this court has already concluded that an employer has the right to subrogation not only where the employer paid for the policy, but also where a third party, such as a customer or a co-worker, paid for the policy. *Hannigan,* 860 A.2d at 640 n.11. Because Claimant's co-employee paid for the uninsured motorist insurance policy, Employer was entitled to subrogate against Claimant's settlement proceeds.

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

[3] The facts in this case do not indicate that any portion of the insurance proceeds received by Claimant were designated for pain and suffering. Therefore, we do not answer the question of whether an employer has the right of subrogation to insurance proceeds that are designated as compensation for pain and suffering.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Karen Davis,                :

                                   : No. 216 C.D. 2015

                Petitioner   :

                                   :

          v.                 :

                                   :

Workers' Compensation Appeal   :

Board (PA Social Services Union   :

and Netherlands Insurance Company),   :

                                   :

              Respondents   :


## O R D E R

AND NOW, this 30th day of <u>December</u>, 2015, we hereby affirm the January 28, 2015, order of the Workers' Compensation Appeal Board.


                                   _____

                                   ROCHELLE S. FRIEDMAN, Senior Judge