**Carol L. RICKS, Administrator of the Estate of Thomas E. Davis, Deceased, Appellant,**

**v.**

**NATIONWIDE INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 17, 2004.

Filed June 22, 2005.

Reargument Denied Aug. 19, 2005.

Elizabeth A. Gray, Philadelphia, for appellant.

James C. Haggerty, Philadelphia, for appellee.

Scott B. Cooper, Harrisburg, Amicus Curiae.

Before: HUDOCK, TODD and BECK, JJ.

OPINION BY BECK, J.:

¶ 1 We decide whether the Motor Vehicle Financial Responsibility Law (MVFRL) prohibits an injured motorist from pleading, proving and recovering the amount of benefits he received from his employer's workers' compensation carrier in a subsequent arbitration proceeding where he seeks to recover additional benefits under his own personal uninsured motorist (UM) insurance policy.

¶ 2 The appellant's decedent, Thomas E. Davis, was injured in a motor vehicle accident caused by an uninsured driver during the course and scope of his employment.[1] Davis received workers' compensation benefits from his employer in the amount of $167,697.01. Davis also received $35,000.00 from the proceeds of UM coverage on the vehicle insured by ESIS, his employer's motor vehicle insurance carrier at the time of the accident. Finally, Davis sought UM benefits from appellee Nationwide Mutual Insurance Company (Nation-

wide), which provided coverage for Davis's own vehicles under a policy paid for by Davis himself. The Nationwide policy provided stacked UM limits of $200,000.00. Nationwide denied coverage and the matter was referred to arbitration pursuant to the insurance contract.

¶ 3 At the arbitration, the arbitrators entered an order prohibiting appellant from "pleading, proving and recovering" the amount of workers' compensation benefits Davis had previously received. The arbitrators awarded the sum of $150,000.00 under the Nationwide UM policy, minus a credit for the amount received by Davis from the ESIS UM coverage,[2] for a net award of $126,600.00. Appellant filed a petition to modify the arbitration award, and Nationwide filed a petition to vacate it, but the trial court denied the petitions.[3]

¶ 4 The trial court held that the arbitrators' award was proper based on language in Nationwide's policy that purportedly allowed a reduction of the UM award by the amount of workers' compensation benefits received. This timely appeal followed.

¶ 5 In reviewing an arbitration award arising from an insurance contract which specifically calls for arbitration under the Pennsylvania Arbitration Act of 1927, now replaced by the Act of 1980, a trial court may modify or correct the award where the award is contrary to law and is such that had it been a jury verdict, the court would have entered a different judgment or a judgment notwithstanding the verdict. *Geisler v. Motorists Mut. Ins. Co.*, 382 Pa.Super. 622, 556 A.2d 391, 393 (1989); 42 Pa.C.S. § 7302(d)(2) (Purdon

---

1. Davis died from causes unrelated to the accident. Appellant is Carol L. Ricks, Administratrix of Davis's estate.

2. It is not clear why the arbitrators reduced the award by only $23,400.00 when Davis received the full $35,000.00 from that UM

policy, but this issue is not before us in the appeal.

3. The trial court also denied a petition to modify filed *nunc pro tunc* by appellant.

1998). Furthermore, the trial court may not vacate an arbitration award except under the most limited circumstances. *See Racicot v. Erie Ins. Exchange,* 837 A.2d 496, 499 (Pa.Super.2003); 42 Pa.C.S. § 7314.[4] An appellate court may reverse the trial court only for an abuse of discretion or an error of law. *Racicot, supra.* With this limited standard in mind, we consider the claims on appeal.

█ ¶ 6 Appellant raises two questions: 1) whether the arbitrators at the UM proceeding should have permitted her to plead, prove, recover and collect the amount of workers' compensation benefits previously paid to Davis; and 2) whether the trial court erred in holding the Nationwide policy allows a reduction of UM benefits by the amount of workers' compensation benefits previously paid.

¶ 7 In essence, appellant asserts the arbitration panel, in determining Nationwide's liability, should have added together all of appellant's damages, including his recovery for workers' compensation, in determining their award. According to appellant, the award properly calculated would provide as follows:

| | |
|---|---|
| Awarded by Arbitrators: | $150,000 |
| Workers Compensation Benefit: | $167,697 |
| Gross Value of Case: | $317,697 |
| Less amount paid by ESIS: | $ 35,000 |
| Total: | $282,697 |

Since Nationwide's policy limits were $200,000.00, appellant argues Nationwide is obligated to pay that amount to appellant out of the total damage amount of $282,697.00.

¶ 8 We conclude the trial court erred in denying the petitions to modify and/or vacate the arbitration award. We begin our analysis by reviewing the relevant statutes:

§ 1720 Subrogation

In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to worker's compensation benefits...or benefits paid or payable by a program, group contract or other arrangement whether primary or excess under section 1719 (relating to coordination of benefits).

Repealed in Part

*Section 25 (b) of Act 1993, July 2 P.L. 190, No. 44, provides that this section is repealed insofar as it relates to workers' compensation payments or other benefits under the Workers' Compensation Act.*

§ 1722 **Preclusion of recovering required benefits**

In any action for damages against a tortfeasor, or in any uninsured or underinsured motorist proceeding, arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverages set forth in this subchapter, or workers' compensation, or any program, group

4. Section 7314 provides: "On application of a party, the court shall vacate an award where:
 (i) the court would vacate the award under section 7341 (relating to common law arbitration) if this subchapter were not applicable;
 (ii) there was evident partiality by an arbitrator appointed as a neutral or corruption or misconduct in any of the arbitrators prejudicing the rights of any party;
 (iii) the arbitrators exceeded their powers;
 (iv) the arbitrators refused to postpone the hearing upon good cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 7307 (relating to hearing before arbitrators), as to prejudice substantially the rights of a party; or
 (v) there was no agreement to arbitrate.
42 Pa.C.S. § 7314.

contract or other arrangement for payment of benefits as defined in section 1719 (relating to coordination of benefits) shall be precluded from recovering the amount of benefits paid or payable under this subchapter, or workers' compensation, or any other program, group contract or other arrangement for payment of benefits as defined in section 1719.

### Repealed in Part

*Section 25 (b) of Act 1993, July 2 P.L. 190, No. 44, provides that this section is repealed insofar as it relates to workers' compensation payments or other benefits under the Workers' Compensation Act.*

75 Pa.C.S. §§ 1720, 1722 (Purdon 1996). Though the repeal has been in effect since 1993, the statutes themselves have not been revised to reflect the changes then enacted. But it is clear that the rules of subrogation and recovery rights set forth in sections 1720 and 1722 no longer apply to workers' compensation benefits.

¶ 9 Instead, § 1720 now allows a workers' compensation carrier to seek subrogation or reimbursement out of a tort recovery received by an injured claimant, and § 1722 allows an injured claimant to recover both workers' compensation payments and other benefits, such as UM benefits, made payable as the result of a motor vehicle accident.

¶ 10 The statutory scheme has been further explained by our case law. In *Standish v. American Mfrs. Mut. Ins. Co.*, 698 A.2d 599 (Pa.Super.1997), we held that the right of subrogation granted to workers' compensation carriers by the partial repeal of § 1720 does not apply to the proceeds of an injured worker's own personal UM insurance policy, the premiums for which were paid by the injured claimant himself. We likened these UM benefits to "an acci-dent policy for the benefit of the insured," rather than a "tort recovery" which is expressly subject to subrogation under revised § 1720. *Id.* at 602. *See also American Red Cross v. W.C.A.B.*, 745 A.2d 78, 81 (Pa.Commw.2000), *aff'd*, 564 Pa. 192, 766 A.2d 328 (2001) (holding that proceeds obtained by a claimant through his own UM insurance policy, the premiums for which were paid exclusively by the claimant, are different from proceeds obtained from a third party, and therefore are not subject to subrogation).

¶ 11 Therefore, in this case, there is no dispute that appellant will not be required to reimburse Davis's workers' compensation carrier out of the proceeds that might be paid from Davis's personal UM policy with Nationwide. The question now remains whether appellant should have been allowed "to plead, prove and recover" in the UM arbitration the amount of benefits the decedent received from his workers' compensation carrier. We read the statute as permitting a plaintiff to "plead, prove and recover" the amount of workers' compensation benefits in a UM arbitration.

¶ 12 However, Nationwide argues that since there is no right of subrogation against the proceeds of Davis's personal UM policy under *Standish*, there should likewise be no right to plead, prove and recover the amount of workers' compensation benefits in the UM arbitration. Nationwide bases this argument on the fact that before the 1993 amendments to §§ 1720 and 1722, those sections worked in tandem to prohibit both subrogation and recovery, and after the 1993 amendments, the sections together *allow* subrogation and recovery, at least where personal UM coverage is not involved. Nationwide argues that since *Standish* made clear that reimbursement to a workers' compensation carrier from personal uninsured motorist policy proceeds is prohibited under revised

§ 1720, we should hold that § 1722 is also inapplicable to UM proceedings. In other words, Nationwide argues we should read § 1722, which now *allows* recovery of the amount of workers' compensation benefits in a UM proceeding, as though it did not. But neither the statutes nor *Standish* direct that result.

¶ 13 Section 1722, as revised, provides that Davis was *not* precluded from recovering the amount of benefits paid by his employer's workers' compensation carrier in the UM arbitration proceeding. Nevertheless, the arbitrators entered an order precluding appellant from "pleading, proving and recovering benefits paid by workmen's comp [sic] carrier," before making an award of $150,000.00 in the UM proceeding. The award was clearly less than the total stacked UM policy limits of $200,000.00.

¶ 14 We point out that we do not have a transcript from the arbitration or an opinion from the arbitrators. Therefore, we cannot discern the reason for the arbitrators' award.[5] Appellant insists the award should have been the entire $200,000.00,

and *would have been* if the arbitrators had not entered their order of preclusion.[6]

■ ¶ 15 The arbitrators clearly violated revised § 1722 when they entered their order preventing appellant from "pleading, proving and recovering" the amount paid by the workers' compensation carrier. In light of this error, we conclude the arbitrators "refused to hear evidence material to the controversy," such that their award should be vacated. 42 Pa.C.S. § 7314(a)(iv). We therefore reverse the trial court's erroneous order and remand with instructions to vacate the arbitration award and order that a new arbitration panel be convened to hear the case *de novo*.[7]

■ ¶ 16 Order reversed and matter remanded for further proceedings. Jurisdiction relinquished.[8]

■

---

5. It does *not* appear that the arbitrators reduced the UM award by the amount of the workers' compensation payment, because that would have yielded an award of just $32,303.00, or $200,000.00 minus the $167,697.00 in workers' compensation benefits paid.

6. Appellant does not claim that the damage amount found by the arbitrators, $150,000.00, was incorrect. She asserts that if the arbitrators included in their calculation the amount of the workers' compensation award, plus the amount of damages the arbitrators found, the total calculation would have been $282,697.00, out of which Nationwide would be responsible for its UM coverage limits, *i.e.*, $200,000.00. *See supra*, p. 5

7. We direct a *de novo* hearing because we cannot determine if the arbitrators would have awarded as much as $150,000.00 in damages if they had before them the payment

Davis received through the workers' compensation system.

8. With regard to appellant's second issue on appeal, we conclude the trial court should not have based any part of its decision on the applicability of Nationwide's policy exclusions because Nationwide did not raise this defense below. But even if Nationwide had preserved this argument, the trial court erred in adopting it. Nationwide argues setoff was authorized under its UM policy language: "This coverage does not apply to... [d]irectly or indirectly benefit any workers' compensation carrier or any person qualified as a self-insurer under any workers' compensation law." This exclusion is not applicable here, where there is no subrogation allowed by the workers' compensation carrier against the proceeds of Davis's own personal UM insurance policy. *See Standish, supra*. In addition, another clause in the Nationwide policy is simi-

larly inapplicable: "We will make no duplicate payment to or for any insured for the same element of loss." In this case, since *Standish* makes clear that an insured's personal UM coverage is separate and apart from workers' compensation benefits, more akin to a private health insurance policy, and that no subrogation is allowed therefrom, Davis's UM policy proceeds are not a "duplicate" payment under that contract.