James J. BURKE, Appellant

v.

ERIE INSURANCE EXCHANGE, Appellee.

Superior Court of Pennsylvania.

Argued Oct. 23, 2007.
Filed Dec. 31, 2007.

Joseph P. Novak, Forty–Fort, for appellant.

Francis G. Wenzel, Jr., Wilkes–Barre, for appellee.

BEFORE: STEVENS, BENDER and McCAFFERY, JJ.

OPINION BY BENDER, J.:

¶ 1 James J. Burke (Burke) appeals from the judgment entered on November 21, 2007,[1] confirming an arbitration award

---

1. Burke filed a notice of appeal from the order entered December 4, 2006, denying Burke's motion to modify/correct an arbitration award. Such an order is not a final order. *See Dunlap v. State Farm Ins. Co.*, 377 Pa.Super. 165, 546 A.2d 1209, 1211 (1988). Although this Court allowed the parties to present oral argument as scheduled, we required the common pleas court to enter an order confirming the arbitration, and then

that involved Burke's claim for underinsured motorist benefits against Yenason Mechanical's (Employer) automobile insurance policy issued by Erie Insurance Exchange (Erie). We affirm.

¶ 2 Burke, while in the course and scope of his employment with Employer, was injured in a car accident on May 2, 2002. Burke was driving a company owned vehicle when it was struck by a vehicle operated by James Holminski. As a result of the accident, Burke received workers' compensation benefits from Erie, Employer's workers' compensation carrier. Burke also filed suit against Holminski, who was insured by Geico Insurance Company. Geico tendered the policy limits to Burke, i.e., $15,000, which was used to partially offset Erie's workers' compensation lien that amounted at that point in time to $57,895.99. Burke also maintained a personal automobile insurance policy with Nationwide Insurance Company; however, any benefits pursued by Burke from Nationwide are not at issue in this case. On March 31, 2005, following settlement with Holminski/Geico, Burke entered into a Compromise and Release Agreement with Erie as to the workers' compensation benefits, agreeing to receipt of a total payment of $95,000. As part of the agreement, Erie waived its workers' compensation lien and statutory subrogation rights against Burke, which had risen to a final amount of $237,021.14.[2] The agreement was confirmed by a workers' compensation judge by order dated April 6, 2005.

¶ 3 Burke also sought recovery from Employer's automobile insurance carrier, specifically, its underinsured motorist benefits, which also happened to be provided to Employer by Erie. As part of this claim, Burke sought to recover $237,021.14, the amount equaling the total workers' compensation benefits paid to Burke, the repayment of which Erie had waived, except for the $57,895.99 that had already been repaid to Erie. Burke's claim for benefits under Employer's underinsured motorist policy went to arbitration. In response to Erie's motion in limine, the arbitration panel excluded the $237,021.14 as an item of damages in the final award to Burke of $850,000.00 that, following various credits, totaled a net award of $800,000.00.

¶ 4 On April 20, 2006, Burke filed a motion to modify/correct the arbitration award with the trial court, which after argument was denied. Burke then filed the present appeal,[3] raising one issue for our review:

---

directed that Burke have judgment entered. These steps were accomplished and, therefore, allow us to proceed with our review.

**2.** A portion of the $237,021.14, which represents the total workers' compensation benefits paid to Burke, namely, the sum of $57,895.99 had previously been reimbursed to Erie.

**3.** In its opinion, the trial court noted its issuance of an order on January 22, 2007, requiring Burke to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Burke's failure to comply. However, the court accepted Burke's Superior Court Civil Docketing Statement, which mentioned the issue on appeal, in lieu of Burke's Rule 1925(b) statement. Regardless of the trial court's reasons for not finding waiver of Burke's issue on appeal, we remind the court and the parties that the common pleas docket must contain information as to the time and manner of service of the court's order requiring the filing of the Rule 1925(b) statement. The docket supplied to this Court contains no indication that Burke was served with the court's order requiring the filing of a Rule 1925(b) statement in that there is no evidence of the time or manner of service on the docket. *See Commonwealth v. Hess*, 570 Pa. 610, 810 A.2d 1249 (2002). Accordingly, we conclude that Burke's issue on appeal has not been waived.

Whether the arbitration panel committed an error of law in denying [Burke] the opportunity to plead, prove and recover the amount of benefits he received from his employer's workers' compensation carrier in a subsequent UIM arbitration proceeding in which he sought to recover additional benefits under his employer's underinsured motorist insurance policy and where the employer's workers' compensation carrier ha[d] waived (at least a portion) of the workers' compensation lien/benefits paid to him.

Burke's brief at 1.

■■■ ¶ 5 In addressing this issue, we are guided by the following:

In reviewing an arbitration award arising from an insurance contract which specifically calls for arbitration under the Pennsylvania Arbitration Act of 1927, now replaced by the Act of 1980, a trial court may modify or correct the award where the award is contrary to law and is such that had it been a jury verdict, the court would have entered a different judgment or a judgment notwithstanding the verdict. Furthermore, the trial court may not vacate an arbitration award except under the most limited circumstances. An appellate court may reverse the trial court only for an abuse of discretion or an error of law.

*Tannenbaum v. Nationwide Ins. Co.*, 919 A.2d 267, 269 (Pa.Super.2007) (quoting *Ricks v. Nationwide Ins. Co.*, 879 A.2d 796, 798–99 (Pa.Super.2005), appeal denied, 587 Pa. 698, 897 A.2d 459 (2006)) (citations omitted).

¶ 6 Relying on *Ricks*, Burke essentially argues that the arbitration panel should have allowed him to plead, prove and recover the amount of benefits he received from Employer's workers' compensation carrier in the subsequent arbitration proceeding in which he was attempting to recover additional benefits under Employer's underinsured motorist insurance policy. In *Ricks*, our Court explained the changes enacted in 1993 to Sections 1720 and 1722 of the Motor Vehicle Financial Responsibility Law (Act), 75 Pa.C.S. §§ 1720 and 1722, indicating that "the rules of subrogation and recovery rights set forth in sections 1720 and 1722 no longer apply to workers' compensation benefits." *Ricks*, 879 A.2d at 799. The *Ricks* court further stated:

Instead, § 1720 now allows a workers' compensation carrier to seek subrogation or reimbursement out of a tort recovery received by an injured claimant, and § 1722 allows an injured claimant to recover both workers' compensation payments and other benefits, such as UM benefits, made payable as the result of a motor vehicle accident.

The statutory scheme has been further explained by our case law. In *Standish v. American Mfrs. Mut. Ins. Co.*, 698 A.2d 599 (Pa.Super.1997), we held that the right of subrogation granted to workers' compensation carriers by the partial repeal of § 1720 does not apply to the proceeds of an injured worker's own personal UM insurance policy, the premiums for which were paid by the injured claimant himself. We likened these UM benefits to "an accident policy for the benefit of the insured," rather than a "tort recovery" which is expressly subject to subrogation under revised § 1720. *Id.* at 602. *See also American Red Cross v. W.C.A.B.*, 745 A.2d 78, 81 (Pa. Commw.2000), *aff'd*, 564 Pa. 192, 766 A.2d 328 (2001) (holding that proceeds obtained by a claimant through his own UM insurance policy, the premiums for which were paid exclusively by the claimant, are different from proceeds

obtained from a third party, and therefore are not subject to subrogation). *Id.* at 800. Thus, it appears that in the arbitration proceeding directed at acquiring proceeds from Employer's underinsured motorist insurance policy, Burke should be able to seek recovery of the workers' compensation benefits he received from Employer's workers' compensation carrier. However, under the present circumstances, that is not the case; Burke is not entitled to plead, prove and recover the benefits he received from Employer's workers' compensation carrier.

■ ¶ 7 We begin by stating that "as a general principle of law, the employer's subrogation rights are statutorily absolute and can be abrogated only by choice." *Thompson v. W.C.A.B. (USF & G Co.)*, 566 Pa.420, 781 A.2d 1146, 1152 (2001) (quoting *Winfree v. Philadelphia Elec. Co.*, 520 Pa. 392, 554 A.2d 485, 487 (1989)). Here, since Erie occupies the unique position of being both Employer's workers' compensation carrier and its vehicle insurance carrier, it agreed to forgo the workers' compensation lien in the workers' compensation context with the intent that the amount of the lien would not be·an item of special damages that Burke could recover in the arbitration proceeding involving Employer's underinsured motorist policy. Burke's attempt to include the workers' compensation payments as an item of damages in the arbitration is essentially an attempt to avoid the prior agreement he entered into with Erie settling the worker's compensation litigation and would result in a double recovery, which the Act does not permit. *See Tannenbaum*, 919 A.2d at 269.

¶ 8 Essentially, Burke is overlooking the distinction the *Ricks* case makes between Employer's underinsured motorist's policy and a policy paid for individually by Burke. According to *Ricks*, Employer cannot recover its lien against Burke's personal poli-cy and that is the reason Burke's individual policy is not at issue here. Nonetheless, Burke cannot enter into ·an agreement whereby he retains the workers' compensation benefits paid to him by Erie (the amount of the lien that Erie waived) and then attempt to again recover an equal sum in the arbitration proceeding as special damages. As noted previously, the intent of the parties to the agreement was to remove any issue regarding the workers' compensation from the arbitration dealing with Employer's underinsured motorist policy. Burke was properly denied the opportunity to plead and prove that the payments he retained by way of workers' compensation benefits in light of the agreement he entered into at the time he settled the workers' compensation case with Erie. Accordingly, we conclude that the trial court properly upheld the arbitrator's decision.

¶ 9 Judgment affirmed.