J-S04032-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JACK SIBLEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GLENN D. MCGOGNEY, ESQUIRE | : | No. 1054 EDA 2021 |
| AND ANTHONY D. DIPPOLITO, M.D. | : | |

Appeal from the Order Entered April 16, 2021
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2011-C-2381

BEFORE:    BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED FEBRUARY 15, 2022**

Appellant Jack Sibley ("Appellant") appeals from the order entered on April 16, 2021, in the Court of Common Pleas of Lehigh County, which denied Appellant's petition to strike off and/or set aside the judgment, as well as his request for immediate stay of execution, entered in favor of Anthony D. Dippolito, M.D. ("Dippolito"), but granted the petition to open the judgment for the limited purpose of modifying the amount of interest due on the principal.[1]  After a careful review, we dismiss this appeal.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Glenn D. McGogney, Esquire ("McGogney") was a party to this matter when it was initially before this Court. However, he is not a party to the instant matter, and, therefore, collectively, we shall refer to Dippolito and McGogney as "Defendants."

This Court has previously set forth the relevant facts and procedural history, in part, as follows:

On June 15, 2007, the parties entered into an agreement ("Incorporation Agreement") to form Barnett Food Group, LLC ("the company"), for the purpose of opening a gentleman's club at premises that had previously operated as Lacey's Pub & Grill, Inc. ("the restaurant"). Pursuant to the Incorporation Agreement, the parties agreed that any dispute between them would be submitted to private arbitration. *See* Incorporation Agreement, 6/15/07, at ¶ 11. It was determined that each principal in this venture would invest $170,000 in the company in order to convert the restaurant into a gentleman's club and purchase the liquor license from the restaurant. Appellant did not have the financial resources to make such an investment, so Defendants agreed to loan Appellant $170,000, which would be secured by mortgages on a parcel of commercial real estate owned by Appellant ("the parcel"). McGogney subsequently loaned Appellant $85,000, and [Dippolito] loaned Appellant $100,000. Appellant, in turn, executed mortgage notes in favor of Defendants, which were recorded with the Bucks County Recorder of Deeds on April 9, 2008, and became liens on the parcel.

Thereafter, [McGogney and Dippolito each] separately executed a "satisfaction piece" on the underlying mortgages, which were filed with the Bucks County Recorder of Deeds on March 9, 2009. Each satisfaction piece included language that stated, "the undersigned hereby certifies that the debt secured by the above-mentioned Mortgage has been fully paid or otherwise discharged, and that upon the recording hereof, said Mortgage shall be and is hereby fully and forever satisfied and discharged." *See* Satisfaction Piece, 3/9/09.

At some point, a great deal of animosity arose between the parties, which culminated in Appellant filing a two-count complaint against Defendants in the Court of Common Pleas of Philadelphia County. Count I of the complaint asserted a professional negligence claim against McGogney, and Count II of the compliant raised causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing against both Defendants. *See* Civil Action Complaint, 7/26/10, at 8-9 ¶¶ 41-49. On June 28, 2011, this matter was transferred to the Court of Common Pleas of Lehigh County. Thereafter, Defendants filed counterclaims against Appellant to recover the $85,000 and

$100,000 that they had loaned him. Defendants amended their respective counterclaims on April 27, 2012.

On September 14 and 17, 2012, [Defendants] filed separate motions to transfer this case to arbitration pursuant to the Incorporation Agreement. On January 28, 2013, the trial court entered an order which directed, *inter alia*, that "all claims and counterclaims…be submitted to binding private arbitration as provided in the parties' June [15], 2007, agreement." Trial Court Order, 1/28/13, at 3. Thereafter, on February 20, 2013, the trial court appointed Philip M. Hof, Esq. ("Arbitrator Hof") as arbitrator. Arbitration hearings were held on January 20, January 21, February 11, March 21, and April 17, 2014. Thereafter, on May 30, 2014, Arbitrator Hof entered his decision and award. Specifically, on Count I—professional negligence, Arbitrator Hof ruled in favor of Appellant and against McGogney in the amount of $389,147.26; and on Count II—breach of contract and breach of the implied covenant of good faith and fair dealing, Arbitrator Hof ruled in favor of Defendants and against Appellant. Decision and Award of Arbitrator, 5/30/14, at 2, 5. On McGogney's counterclaim, Arbitrator Hof ruled in favor of McGogney and against Appellant in the amount of $172,718.84, noting that this amount represented "the principal amount of the [mortgage] notes as well as interest on the amount due and owing on the [mortgage] notes." *Id.* at 6. On [Dippolito's] counterclaim, Arbitrator Hof ruled in favor of [Dippolito] and against Appellant in the amount of $216,428.42, noting that this amount represented the principal and interest due on the mortgage note as well as attorney's fees. *Id.* at 9.

On June 30, 2014, Appellant filed a petition to vacate, modify, and/or correct the arbitration award. That same day, McGogney also filed a petition to vacate the arbitration award. On April 20, 2015, the trial court entered an order denying both petitions. On May 18, 2015, Appellant filed a *pro se* notice of appeal from the trial court's April 20, 2015, order. On May 26, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), within 21 days. Appellant complied with the trial court's directive. On June 9, 2015, this Court entered an order directing Appellant to show cause as to why his appeal should not be quashed as interlocutory. Following said order, the trial court entered an order on June 16, 2015, confirming the arbitration award. On June 17, 2015, the prothonotary gave notice, pursuant to Pa.R.C.P. 236, that judgment had been entered in this matter. On

- 3 -

June 18, 2015, the trial court filed a memorandum opinion addressing the claims raised by Appellant in his Rule 1925(b) statement.

Thereafter, on June 29, 2015, this Court entered a *per curiam* order quashing Appellant's May 18, 2015, appeal as interlocutory. **See, e.g., Burke v. Erie Ins. Exch.**, 940 A.2d 472, 474 n.1 (Pa.Super. 2007) (stating that an order denying a petition to vacate or modify an arbitration award is not an appealable order; rather, an appeal properly lies from the order confirming the arbitration award entered by the trial court); **see also** 42 Pa.C.S.A. § 7320(a). On July 10, 2015, Appellant filed a *pro se* notice of appeal from the June 16, 2015, order confirming the arbitration award.

**Sibley v. McGogney**, No. 2091 EDA 2015, at *1-5 (Pa.Super. filed 9/12/16) (unpublished memorandum) (footnote omitted) (bold omitted).

On appeal, Appellant contended (1) the trial court lacked subject matter jurisdiction to transfer Defendants' respective counterclaims to arbitration; (2) the trial court erred in failing to find "the Mortgages and Notes were satisfied by agreement between the parties in which [Appellant] would return and redeem the 25% shares in [the company] to Defendants in exchange for the executed Mortgage Satisfaction Pieces[.]" **Id.** at 10 (citation omitted); and (3) the arbitration award should be vacated because Arbitrator Hof "committed fraud, misconduct, corruption, [and] other irregularit[ies]," which resulted in an "unjust, inequitable or unconscionable award pursuant to 42 Pa.C.S.A. § 7341." **Id.** at 11 (citation omitted).

This Court found no merit to Appellant's issues, and therefore, on September 12, 2016, we affirmed the trial court's June 16, 2015, order confirming the arbitration award.

On May 12, 2020, Dippolito filed a praecipe to enter judgment assessing damages against Appellant on the trial court's June 16, 2015, order confirming the arbitration award. Specifically, Dippolito relevantly indicated that, under the arbitration award, he was awarded $216,428.42, and he was seeking interest from April 17, 2014, to the present in the amount of $194,785.58. The Prothonotary entered judgment on the docket and provided notice to Appellant.

On June 3, 2020, Appellant filed a petition to open, strike off, and/or set aside the judgment and request for immediate stay of execution. Specifically, Appellant averred Dippolito failed to provide a proper computation of the accrued interest and failed to attach an affidavit of non-military service under Pa.R.C.P. 1920.46. Appellant also averred the judgment was procured by fraud due to McGogney forging Appellant's signature on documents, which were placed into evidence during the initial arbitration hearing. Appellant averred Dippolito was aware of McGogney's fraud, and thus, Dippolito had unclean hands. Further, Appellant averred the judgment was barred by the statute of limitations.

Dippolito filed an answer in opposition to Appellant's petition to open, strike off, and/or set aside the judgment and request for immediate stay of execution. The matter proceeded to a hearing on August 14, 2020. By order entered on April 16, 2021, the trial court relevantly ordered:

> [T]he Petition to Strike Off or Set Aside the Judgment and the Request for Stay of Execution are Denied.

- 5 -

> It is further ordered that the Petition to Open the Judgment regarding [Dippolito] is Granted for the limited purpose of recalculating the amount of simple interest on the arbitrator's award of $216,428.42 accrued at the statutory rate of six percent per year, or $35.577 per day, totaling $77,379.97, as of May 12, 2020, and the Clerk of Judicial Records shall enter judgment in favor of Anthony Dippolito, M.D. against [Appellant] in the amount of $293,808.39.

Trial Court Order, filed 4/16/21 (unnecessary capitalization omitted).

On May 17, 2021, Appellant filed a notice of appeal. On May 18, 2021, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement,[2] Appellant timely complied on June 8, 2021, and the trial court filed a Pa.R.A.P. 1925(a) opinion on July 14, 2021.[3]

On appeal, Appellant raises the following issues in his "Statement of the Questions Involved" (verbatim):

1. Did the trial court err as a matter of law or abused [*sic*] its discretion by denying Appellant Sibley's Petition to Open, Strike

---

[2] We note the trial court's Rule 1925(b) order properly notified Appellant that he was required to file in the trial court, as well as serve upon the trial court judge, a concise statement within twenty-one days after entry of the order, and any issues not properly included in the statement would be deemed waived. **See** Pa.R.A.P. 1925(b)(3). Moreover, we note the certified docket entries reveal the order was properly served on Appellant pursuant to Pa.R.C.P. 236 on May 18, 2021.

[3] On May 13, 2021, Appellant filed a motion for reconsideration, and on June 9, 2021, the trial court purported to grant the motion for reconsideration; however, the trial court then purported to deny the motion for reconsideration on June 14, 2021. We conclude the trial court's June 9, 2021, and June 14, 2021, orders regarding Appellant's motion for reconsideration are a legal nullity. **See** Pa.R.A.P. 1701; **Orfield v. Weindel**, 52 A.3d 275 (Pa.Super. 2012) (holding trial court lacks jurisdiction to grant reconsideration after thirty-day appeal period).

Off and/or Set Aside the awarded [*sic*] to Appellee, Dippolito, on the basis of Fraud, Forgery and Perjury?

2. Did the trial court err as a matter of law or abuse its discretion by taking Judicial Notice of [Defendant] McGogney's criminal Guilty Plea using that evidence when at that time Appellant filed his Petition to Open and Strike, Defendant McGogney entered a plea of Guilty to Forgery, Fraud and Perjury?

3. Did the trial court err as a matter of law or abused [*sic*] its discretion by denying Appellant Sibley's Petition to recognize and enforce the Mortgage Satisfaction Piece and strike the Appellee Dippolito's $100,000 satisfied Note, plus interest fraudulently obtained?

4. Did the trial court err as a matter of law or abused [*sic*] its discretion in denying Appellant Sibley's Petition to Open and/or Strike by applying the wrong Statute of Limitations time frame applicable to the enforcement of a Judgment based on a non-negotiable Note?

Appellant's Brief at 14-15 (suggested answers omitted).

Before we reach the merits of Appellant's issues, we must determine whether he has properly preserved them. This Court has long recognized that "Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal." *Kanter v. Epstein*, 866 A.2d 394, 400 (Pa.Super. 2004). "The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). However, the filing of a timely Rule 1925(b) statement alone "does not automatically equate with issue preservation." *Tucker v. R.M. Tours*, 939 A.2d 343, 346 (Pa.Super. 2007), *affirmed*, 977 A.2d 1170 (Pa. 2009). In *Tucker*, we explained:

> This Court has held that when appellants raise an outrageous number of issues in their 1925(b) statement, the appellants have deliberately circumvented the meaning and purpose of Rule 1925(b) and ha[ve] thereby effectively precluded appellate review of the issues [they] now seek to raise. We have further noted that such voluminous statements do not identify the issues appellants actually intend to raise on appeal….Further, this type of extravagant 1925(b) statement makes it all but impossible for the trial court to provide a comprehensive analysis of the issues.

*Id.* at 346 (citations and internal quotation marks omitted; brackets in original). Thus, "the Pa.R.A.P. 1925(b) statement must be sufficiently concise and coherent such that the trial court judge may be able to identify the issues to be raised on appeal, and the circumstances must not suggest the existence of bad faith." *Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 210 (Pa.Super. 2008) (emphasis added). *See Kanter*, 866 A.2d at 401 (finding issues in Rule 1925(b) statements waived where the court determined that "outrageous" number of issues was deliberate attempt to circumvent purpose of Rule 1925). "Even if the trial court correctly guesses the issues Appellant raises on appeal and writes an opinion pursuant to that supposition the issue[s] [are] still waived." *Id.* at 400 (quoting *Commonwealth v. Heggins,* 809 A.2d 908, 911 (Pa.Super. 2002)).

Here, Appellant filed a twenty-nine-page statement, which raised twenty-one "main" issues with many sub-issues.[4] Further, although this was a relatively non-complex matter requiring a one-day hearing, the Rule

---

[4] For example, in his first issue, Appellant presented sub-issues "a through k."

- 8 -

1925(b) statement is confusing. Appellant's voluminous Rule 1925(b) statement did not identify the issues that Appellant actually intended to raise before this Court; but rather, the statement identified significantly more issues than Appellant could possibly have raised on appeal due to the appellate briefing limitations. Appellant forced the trial court to guess which issues Appellant would actually raise on appeal. "This Court has previously explained that '[w]hen a court has to guess what issues an appellant is appealing, that is not enough for meaningful review.'" *Kanter*, 866 A.2d at 401 (quoting *Commonwealth v. McCree*, 857 A.2d 188, 192 (Pa.Super. 2004)).

We conclude Appellant's court-ordered Rule 1925(b) statement was neither concise nor coherent and constitutes bad faith designed to undermine the Rules of Appellate Procedure. *See Jiricko*, *supra*; *Kanter*, *supra*. Accordingly, Appellant has waived all issues on appeal for circumventing the meaning and purpose of Rule 1925(b) so as to preclude meaningful judicial review. We note that, in addition to *Jiricko*, *Tucker*, and *Kanter*, there is ample precedent supporting our analysis and conclusion. *See Satiro v. Maninno*, 237 A.3d 1145 (Pa.Super. 2020) (finding all issues waived where the concise statement identified issues in a voluminous and vague manner such that the trial court had to guess at the issues); *Mahonski v. Engel*, 145 A.3d 175 (Pa.Super. 2016) (holding the appellant's raising of a voluminous number of issues in a relatively straightforward breach of contract case suggested misconduct on the part of the appellant).

Appeal dismissed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/15/2022