J-S28030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ASHLEY REGINA MOWERY | : | |
| | : | |
| Appellant | : | No. 576 MDA 2022 |

Appeal from the PCRA Order Entered February 28, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0007228-2015

BEFORE:  OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:     **FILED: DECEMBER 6, 2022**

Ashley Regina Mowery appeals from the order dismissing her Post Conviction Relief Act ("PCRA") petition. *See* 42 Pa.C.S.A. §§ 9541-9546. Her petition is untimely, and we affirm.

Mowery pleaded guilty to aggravated assault[1] and the court sentenced her in March 2016 to serve four to 12 years' incarceration.[2] Mowery did not file a post-sentence motion and did not file a direct appeal.

Mowery filed her first PCRA petition, *pro se* in November 2016. The court appointed counsel, who filed a petition for leave to withdraw. The court granted counsel leave to withdraw and issued an order notifying Mowery of its

_____

[1] 18 Pa.C.S.A. § 2702(a)(1).

[2] "The charges arose out of [Mowery]'s shooting her ex-boyfriend in the stomach during an argument and leaving the residence as he pleaded for help." PCRA Court Opinion and Order, dated 2/3/22, at 1.

intent to dismiss her petition without a hearing. **See** Pa.R.Crim.P. 907(1). Before the court dismissed her petition, however, Mowery filed a "Petition to Preserve Jurisdiction Pursuant to Newly Discovered Evidence." The court issued an opinion and order, treating the petition as a second PCRA petition and dismissing it. Mowery appealed.

This Court remanded with instructions for the PCRA court to hold an evidentiary hearing.[3] On remand, the court held a hearing, at which the victim recanted his prior statements to the police. The PCRA court dismissed the petition. Mowery appealed, and this Court affirmed in May 2020.[4] The Supreme Court denied allowance of appeal in December 2020.[5]

Mowery has since been self-represented. She filed a "Petition for Reconsideration of Sentence *Nunc Pro Tunc*," which the PCRA court treated as a serial PCRA petition and dismissed, and a "Motion for Petition for Parole," which the court again treated as a PCRA petition and dismissed. She also filed a "Motion for Modification for Parole," which the court dismissed as duplicative.

She filed the instant "Motion for Modification *Nunc Pro Tunc*" on October 18, 2021. She asked the court to modify her sentence because she has served her minimum sentence and wants to see her daughter. She argued that when

_____

[3] **See Commonwealth v. Mowery**, No. 107 MDA 2018, 2018 WL 3358457 (Pa.Super. filed July 10, 2018) (unpublished memorandum).

[4] **See Commonwealth v. Mowery**, No. 1754 MDA 2019, 2020 WL 2617039 (Pa.Super. filed May 22, 2020) (unpublished memorandum).

[5] **See Commonwealth v. Mowery**, 241 A.3d 1058 (Pa. 2020) (table).

she pleaded guilty, she agreed to a longer maximum sentence in exchange for a shorter minimum sentence. Mowery argued the court should accept her motion *nunc pro tunc* because she was not advised of her right to move for modification at the time of her sentencing.

The court treated the motion as a PCRA petition and found it to be untimely. On February 3, 2022, the court issued notice of its intent to dismiss the petition without a hearing and gave Mowery 20 days to respond.

Mowery filed a timely response. She argued her petition is timely because this Court deemed her 2017 Petition to Preserve Jurisdiction as an amendment to her first PCRA petition, and because the victim's recantation at that time constituted newly discovered evidence. Response to Notice of Intention to Dismiss, 2/18/22, at 5.[6]

On February 28, 2022, the court issued an order dismissing the petition. The order was stamped by the Clerk of Courts on the same day, and the bottom of the order indicates it was distributed at 2:51 p.m. to the Office of the District Attorney and to Mowery, at her prison address, via mail. The docket entries state that the order was distributed to the Office of the District Attorney via e-service. The docket does not state that the court served Mowery with a copy of the order.

_____

[6] Within the response period, Mowery also filed a "Petition for Response from DA Canavan Pertaining [to] Post Conviction Collateral [Relief] Submitted October 25, 2021 in regard to Defendant Mowery." Mowery also filed an "Application for Reconsideration of Order of Court of Common Pleas" one day after the response period. Neither document contains information bearing on the timeliness of Mowery's petition.

Mowery filed a notice of appeal. Her notice of appeal purports to appeal from an order entered on April 1, 2022. Mowery signed the proof of service on April 1, 2022. The Clerk of Courts stamped the notice of appeal as received on April 11, 2022.

This Court issued a rule to show cause as to why the appeal should not be quashed, as the notice of appeal references an April 1, 2022 order, and no such order exists on the trial court docket. Mowery responded, clarifying that she had intended to appeal from the order dated February 28, 2022. She further alleged that there was a delay in the delivery of that order to her in prison. She also claimed that she wrote to the Clerk of Courts and requested a copy of the envelope in which she sent the notice of appeal, as the envelope would be marked with the date she mailed the notice of appeal from prison. We discharged the rule to show cause.

The trial court issued an order pursuant to Pa.R.A.P. 1925(b), directing Mowery to file a concise statement of errors within 14 days and to serve a copy on the judge. **See** Pa.R.A.P. 1925(b). The bottom of the Rule 1925(b) order states that it was mailed to Mowery at prison and distributed to the Office of the District Attorney on April 19, 2022. The docket also indicates that the Rule 1925(b) order was served via eService to the Office of the District Attorney on that date but makes no notation regarding service of the order on Mowery.

Mowery did not file a concise statement of errors. The trial court issued a Rule 1925(a) opinion stating that Mowery waived her issues by failing to file or provide a Rule 1925(b) statement.

We first address the timeliness of Mowery's notice of appeal, as it affects this Court's jurisdiction. *Reading Anthracite Co. v. Rich*, 577 A.2d 881, 886 (Pa. 1990). To be timely, a notice of appeal must be filed within 30 days after the entry of the order from which the appeal is taken. *See* Pa.R.A.P. 903(a). This Court is without authority to extend the 30-day period unless there is fraud or a breakdown in the processes of the court. *See* Pa.R.A.P. 105(b) and note.

Here, Mowry's notice of appeal was docketed 42 days after the court issued the order dismissing her PCRA petition. However, according to the prisoner mailbox rule, we may deem Mowery's notice of appeal filed on the date she gave it to prison authorities for mailing. *See* Pa.R.A.P. 121(f). Although the envelope is not in the record, the certificate of service indicates Mowery mailed the notice of appeal on April 1, 2022. *See Commonwealth v. Patterson*, 931 A.2d 710, 714 (Pa.Super. 2007) (finding notice of appeal timely under prisoner mailbox rule where notice was dated two days before filing deadline and received by court on first business day following deadline).[7] April 1 was 32 days after the court issued the order under appeal.

_____

[7] *See also Commonwealth v. Saunders*, 946 A.2d 776, 780 n.7 (Pa.Super. 2008) (finding Rule 1925(b) statement timely under prisoner mailbox rule based on date of proof of service).

Nevertheless, we do not find Mowery's appeal untimely. Rule 108(a) of the Rules of Appellate Procedure provides that, if the law requires the court to deliver an order to the parties, an order in a criminal case is not "entered" for purposes of calculating the appeal period until the day the clerk of the court "mails or delivers copies of the order to the parties." Pa.R.A.P. 108(a)(1), (d)(1).[8] Rule 114 of the Rules of Criminal Procedure requires the trial court to serve copies of the order on the parties, and record the date of service on the docket. *See* Pa.R.Crim.P. 114(C)(2)(c).[9] A court's compliance with Rule 114 is not discretionary. *See Commonwealth v. Hess*, 810 A.2d 1249, 1253 (Pa. 2002).

Because Rule 108(a) turns on whether the clerk was required by law to deliver the order to the parties, and because Rule 114 requires service, the date an order in a criminal case is "entered" for purposes of calculating an appeal period begins when the court complies with Rule 114. *See Commonwealth v. Gordon*, 652 A.2d 317, 320 (Pa.Super. 1994) (holding order was entered for purposes of calculating appeal period when the clerk complied with the rules of criminal procedure by making a docket entry for the order and notifying counsel), *aff'd*, 673 A.2d 866 (Pa. 1996). The date the

_____

[8] *See also* 42 Pa.C.S.A. § 5572 (providing general rules control the date of entry of an order of court). An exception is the judgment of sentence, which may be deemed entered the day it is announced in open court, so long as no post-sentence motion is filed. *See* Pa.R.A.P. 108(d)(2).

[9] This rule is applicable in PCRA proceedings. *See* Pa.R.Crim.P. 907(4). The Rules of Criminal Procedure also provide that an order dismissing a PCRA petition is a final order. *See* Pa.R.Crim.P. 910.

court complies with the rule supersedes the date of actual previous service to the parties. **See Commonwealth v. Hilliard**, 172 A.3d 5, 7 n.1 (Pa.Super. 2017) (finding the date order was filed on docket controlled appeal period, rather than date court issued order and mailed it to parties); **Commonwealth v. Pena**, 31 A.3d 704, 706 (Pa.Super. 2011) (same).

Therefore, where the lower court docket does not include a notation stating that a copy of the order under appeal has been provided to the appellant, we conclude the appeal period has not yet been triggered and treat the appeal as timely. **See Commonwealth v. Jerman**, 762 A.2d 366, 368 (Pa.Super. 2000) (finding appeal timely where "the docket entries disclose[] no indication that the clerk furnished a copy of the order to [the a]ppellant").[10] Similarly, this Court has treated the failure of the trial court to record the date of service as a "breakdown" in the judicial system and resulting in a finding of timeliness.[11]

---

[10] Although **Gordon** and **Jerman** were both decided according to a previous Rule of Criminal Procedure, that rule also required the clerk of court to record on the docket the dates the court issued the order and served the parties.

[11] Recent unpublished decisions are persuasive on this point. **See, e.g., Commonwealth v. Martin**, No. 970 WDA 2021, 2022 WL 1639538 at *5 (Pa.Super. 2022) (unpublished memorandum); **Commonwealth v. Cash**, No. 1294 WDA 2021, 2022 WL 1515833 at *4 (Pa.Super. 2022) (unpublished memorandum); **Commonwealth v. Caldwell**, 214 WDA 2021, 2022 WL 830434 at *1 n.1 (Pa.Super. 2022) (unpublished memorandum); **Commonwealth v. Williams**, No. 1722 EDA 2021, 2022 WL 353660 at *1 n.3 (Pa.Super. 2022) (unpublished memorandum), *appeal denied*, No. 113 EAL 2022, 2022 WL 4090914 (Pa.Super. 2022).

Here, the order dismissing Mowery's petition states that it was sent to Mowery at her prison address. However, the docket contains no corresponding notation regarding service of the order upon Mowery, in contravention of Rule 114. Because the docket in the instant case does not indicate the court provided Mowery with the order dismissing her petition, we will consider her appeal timely.[12] *Id.*

_____

[12] Other panels of this Court have quashed similarly situated appeals as premature. *See, e.g., Commonwealth v. Dockery*, No. 1229 EDA 2021, 2022 WL 1102150 (Pa.Super. 2022) (unpublished memorandum); *Commonwealth v. Spearman*, Nos. 700-703 EDA 2019, 2020 WL 1066068 (Pa.Super. filed March 5, 2020) (unpublished memorandum); *Commonwealth v. Wongus*, No. 2183 EDA 2018, 2020 WL 738073 (Pa. Super. filed February 13, 2020) (unpublished memorandum).

However, we find quashal inappropriate for several reasons. First, *Jerman* addressed the instant situation, and we find it to be binding. Second, we have followed this same procedure in the civil context. *See In re K.P.*, 872 A.2d 1227, 1230 (Pa.Super. 2005).

Third, in situations where the trial court has failed to note service on the docket, but the appellant nonetheless filed a notice of appeal within 30 days of the date of the order, we do not quash under the theory that no final order has been entered, but deem the appeal as timely under the theory that we "regard as done that which out to have been done." *See Commonwealth v. Carter*, 122 A.3d 388, 391 (Pa.Super. 2015) (citation omitted). We follow the same procedure when this occurs in civil cases. *See, e.g., Cardwell v. Chrysler Fin. Corp.*, 804 A.2d 18, 23 (Pa.Super. 2002).

In addition to the foregoing precedent, the Rules of Appellate Procedure do not indicate that the failure to note the date of service on the docket affects the perfection of the appeal. Although both criminal Rule 114 and civil Rule 236 require docket notation of service of an order, Rule 108(b) mandates compliance with Rule 236 whereas Rule 108(a) specifies that date of entry is the date of service. *See* note 8, *supra*; *Hess*, 810 A.2d at 1256 n.1 (Saylor, J., concurring). Therefore, although failure to note service on the docket will

*(Footnote Continued Next Page)*

We next address Mowery's failure to file or serve a concise statement of errors, as the failure to comply with a Rule 1925(b) order may result in waiver. *See* Pa.R.A.P. 1925(b)(4)(vii); *Hess*, 810 A.2d at 1252 (discussing *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998)). The issue is a question of law, and our review is plenary. *Berg v. Nationwide Mut. Ins. Co.*, 6 A.3d 1002, 1005 (Pa. 2010).

---

defeat a finding of untimeliness in a criminal appeal under Rule 108, the failure to note the date of service on the docket does not affect the perfection of the appeal.

Furthermore, in the interests of judicial economy, this Court may consider a premature notice of appeal to be timely once the appeal has been perfected. *See* Pa.R.A.P. 905(a). Therefore, if we were to find the failure to note service to Mowery on the docket rendered the appeal premature, we would order the trial court to correct the docket and then we would proceed with the perfected appeal, rather than quash. *See In re J.W.*, 578 A.2d 952, 956 (Pa.Super. 1990) ("In many cases, however, an order quashing an appeal only serves to unnecessarily delay review by causing the parties to go back to the start, praecipe a final order, and then repeat correctly completed procedures with no discernable benefit derived over simply directing the appellant to praecipe the final order without quashing"); *see also McEwing v. Lititz Mut. Ins. Co.*, 77 A.3d 639, 645 (Pa.Super. 2013).

Finally, it is notable that Mowery alleged she received delayed service of the final order, dated her notice of appeal 32 days after the court issued the order, and the Commonwealth does not challenge the timeliness of this appeal. When a prisoner files a notice of appeal with a plausible assertion of timeliness, and the opposing party does not challenge the appeal, we may find the appeal timely without remand. *See Commonwealth v. Cooper*, 710 A.2d 76, 79 (Pa.Super. 1998) ("Where . . . the opposing party does not challenge the timeliness of the appeal and the prisoner's assertion of timeliness is plausible, we may find the appeal timely without remand;" determining remand for evidentiary hearing regarding date *pro se* appellant mailed notice of appeal from prison unnecessary where Commonwealth did not challenge timeliness of the appeal, proof of service was dated prior to filing deadline, and clerk of courts received notice of appeal two days after deadline).

- 9 -

An appellant's obligation under Rule 1925 is premised on the issuance of a Rule 1925(b) order. **Hess**, 810 A.2d at 1252; **Berg**, 6 A.3d at 1008. The order must specify that the concise statement must be filed of record and served on the judge and provide a mailing address for the latter. Pa.R.A.P. 1925(b)(3)(ii-iii). It must state the period in which the appellant must comply, and the court must allow at least a 21-day period for compliance. Pa.R.A.P. 1925(b)(2)(i), (3)(i).[13] The order must also caution the appellant that failure to comply results in the waiver of all issues. **Id.** at (b)(3)(iv). These provisions are mandatory. **Berg**, 6 A.3d at 1008 n.12, 1012. The court must also comply with Rule 114 and serve a copy of the order on the appellant and mark the docket with the date of service. **Hess**, 810 A.2d at 1253.

Thus, while we will not excuse a failure to comply with an order based on "bald allegations" that the appellant did not receive a copy of the order, **id.** at 1255 n.9, we will not find waiver where the docket does not reflect the appellant was served with the Rule 1925(b) order. **See Commonwealth v. Chester**, 163 A.3d 470, 472 (Pa.Super. 2017); **Burke v. Erie Ins. Exch.**, 940 A.2d 472, 474 n.3 (Pa.Super. 2007); **Commonwealth v. Davis**, 867 A.2d 585, 588 (Pa.Super. 2005) (*en banc*); **Hartdegen v. Berger**, 839 A.2d

_____

[13] Prior to the 2007 amendment to the Rule, the court could only allow an appellant 14 days to file an order.

- 10 -

1100, 1105 (Pa.Super. 2003).[14] We also will not find waiver where the court's order does not include the language required by the rule. **See Commonwealth v. Bush**, 197 A.3d 285, 287 (Pa.Super. 2018).[15]

The lower court's docket does not state if or when the court ever served Mowery with a copy of its Rule 1925(b) order. In addition, the order only provides Mowery with 14 days to respond, even though Rule 1925(b)(2)(i) requires the court to allow an appellant 21 days. Moreover, the order fails to provide a mailing address for Mowery to serve a copy on the judge.

Although Mowery does not allege she never received a copy of the order, we find the court's failure to comply with Rules 1925(b)(3) and 114(C)(2)(c) excuses any failing on Mowery's part to comply with the order.[16] **Bush**, 197 A.3d at 287; **Chester**, 163 A.3d at 472. Although the court was unable to author a substantive Rule 1925(a) opinion, we are able to glean the trial

---

[14] **But see Forest Highlands Cmty. Ass'n v. Hammer**, 879 A.2d 223, 229 (Pa.Super. 2005) (holding court's failure to notate the date of service only excuses untimeliness of concise statement, and appellant may still waive issues by failing to comply with other parts of Rule 1925(b)); **Commonwealth v. Douglas**, 835 A.2d 742, 745 (Pa.Super. 2003) (finding issues waived where appellant did not allege she did not receive Rule 1925(b) order, served trial court judge with statement, and failed to file statement with Clerk of Courts).

[15] **Accord Commonwealth v. Savage**, 234 A.3d 723, 726 n.2 (Pa.Super. 2020).

[16] We therefore need not remand for the trial court to resolve the factual questions of whether and when Mowery was served with the order or whether the clerk of courts received and rejected a timely statement, as Mowery alleges in her brief. **See** Pa.R.A.P. 1925(c)(1).

court's reasoning for dismissing the petition from the order giving Mowery notice of the court's intent to dismiss her petition as untimely.

We review the denial of a PCRA petition to determine "whether the PCRA court's order is supported by the record and free of legal error." ***Commonwealth v. Anderson***, 234 A.3d 735, 737 (Pa.Super. 2020) (citation omitted). We review the court's legal conclusions *de novo*. ***Commonwealth v. Hart***, 199 A.3d 475, 481 (Pa.Super. 2018). When there are no genuine issues of material fact in dispute, an evidentiary hearing is unnecessary. ***Id.***

The PCRA's time restrictions are jurisdictional in nature. ***Anderson***, 234 A.3d at 737. A PCRA petition must be filed within one year of the date the petitioner's judgment of sentence became final, *i.e.*, at the conclusion of direct review or the expiration of time to seek review, unless the petitioner pleads and proves one of three statutory exceptions applies. ***See*** 42 Pa.C.S.A. § 9545(b)(1), (b)(3). Those exceptions are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at (b)(1)(i-iii). An exception must be presented within one year of the earliest date the petitioner could have presented it. *Id.* at (b)(2).

Mowery's judgment of sentence became final in 2016, when she failed to file a direct appeal, but she did not file the instant petition until October 2021. She therefore missed the one-year deadline by several years. The only assertions of timeliness Mowery made to the PCRA court involve the victim's recantation of testimony; however, that fact was addressed during the litigation on Mowery's 2017 filing, which ended in 2020, when the Supreme Court denied Mowery's petition for allowance of appeal.

Mowery has therefore failed to plead or prove that any of the timeliness exceptions apply to her petition. The issues she discusses in her brief do not invoke any of the timeliness exceptions, either.[17] We therefore conclude the

_____

[17] Mowery raises the following issues:

> A.) Per [Mowery's] guilty plea colloquy [she] was informed by D.A. that at any time if [she] appeals or decides to take this back to court the deal would be off the table and [Mowery] would be re-sentenced on att. homicide. Why has this breach of plea colloquy failed to provide [Mowery] with a new trial?

> B.) Why was it not enclosed in [Mowery's] documents nor ever made known to [Mowery] that victim Perry had solely provided her home to detectives because they had informed him if he did not provide them with a name then he would be going to jail for a parole violation?

> C.) [Mowery] is solely incarcerated upon Perry's statement which he retracted admitting to p[e]rjury on the stand in 2019 why was

*(Footnote Continued Next Page)*

PCRA court was correct in concluding Mowery's petition was untimely and dismissing it.

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/6/2022

---

his first statement deemed valid though his second not? Why was he not charged with p[e]rjury?

D.) Box 25, line 13 of [Mowery's] 2019 hearing the D.A. admits that there are no facts via evidence in [Mowery's] case why is [she] still incarcerated?

E.) D.A. Jack Canavan has stated he does not have any objection to [Mowery's] release.

F.) Did [Mowery] receive ineffective assistance of counsel? Why didn't [Mowery's] PCRA counsel Mr. DeStefano raise Brady violation or plea breach? (Plea breach in regards to first counsel Ms. Batts Esq. misleading [Mowery] in regards to plea and conditions regarding guilty plea colloquy.

G.) Why did PCRA counsel DeStefano Esq. file a motion to sup[p]ress statements; in regards to Perry's first statement?

Mowery's Br. at 4A-4B.